**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Judy Marietta CASTELLO,
Defendant-Appellant.**

**No. 83–3057.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 6, 1984.

Decided Jan. 24, 1984.

William Glueck, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Alix Foster, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

---

Before WRIGHT, TANG and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Castello appeals the denial of her motion to withdraw her guilty plea before sentencing pursuant to Fed.R.Crim.P. 32(d). The question is whether the prosecutor's "all-or-nothing" plea offer to Castello and her codefendants constituted improper coercion that rendered her plea involuntary. We hold that it did not.

## FACTS

Castello was indicted on December 22, 1982 on one count of mail fraud and one count of false declarations before a grand jury. The indictment charged that Castello, Alvin Martin, and two others defrauded insurance companies by filing false claims for accidental property loss.

The case was set for trial on March 14, 1983. The government prepared extensively and subpoenaed witnesses from as far as South Dakota.

During the week before trial, Castello reviewed extensive Jencks Act and grand jury materials with her counsel. The government negotiated with the defendants and their attorneys in order to settle the case. It declined to offer individual settlements, insisting instead on a common arrangement with all defendants. Initially, all defendants except Castello wished to negotiate. Finally, the government and Castello agreed that she would plead guilty on two counts and it would recommend that she receive concurrent sentences.

On the date of trial, all defendants pleaded guilty. The court conducted an extensive Rule 11 inquiry into the voluntariness of Castello's plea. Her attorney advised her not to plead guilty unless she was in fact guilty. Sentencing was scheduled for May 6, 1983.

On April 25, 1983, Castello moved to withdraw the guilty plea and requested appointment of a public defender. She filed an affidavit in support of her motion.

Castello's affidavit alleged that she entered the guilty plea because the government threatened to prosecute Martin as a "special dangerous offender" if the case were tried. This would have exposed him to a potential maximum term of 150 years as opposed to the 25-year maximum exposure under the plea agreement. Castello asserted that this threat caused her to plead guilty to crimes which she did not commit. She claimed that she "crossed her fingers" when she pleaded guilty. She contended also that Martin had promised to provide an affidavit to exculpate her, and she pleaded guilty in reliance on that affidavit.

The district court heard arguments on Castello's motion on May 13, 1983. Her attorney did not supplement the affidavit with testimony regarding the alleged involuntariness of the plea. The court denied the motion.

The defendant was sentenced on May 20, 1983, being given concurrent sentences of two years on Count IV of the indictment and four years on Count VIII.

## ANALYSIS

We review the denial of the motion to withdraw the guilty plea for abuse of discretion. *United States v. Navarro-Flores,* 628 F.2d 1178, 1183 (9th Cir.1980). Withdrawal of a plea before sentencing is freely granted when there is a fair and just reason for withdrawal, but the burden to show such a reason is on the defendant. *Id.* She has no "right" to withdraw her plea. *United States v. Youpee,* 419 F.2d 1340, 1343 (9th Cir.1969).

Castello argues that her plea was coerced by the "package-deal" plea agreement offered to her and her codefendants. She argues that the threat to prosecute codefendant Martin as a special dangerous offender was improper coercion that rendered her plea involuntary.

The Supreme Court has reserved judgment on "the constitutional implications of a prosecutor's offer during plea bargaining of adverse or lenient treatment for some person *other* than the accused." *Bordenkircher v. Hayes,* 434 U.S. 357, 364 n. 8, 98 S.Ct. 663, 668 n. 8, 54 L.Ed.2d 604 (1978).

The Court noted that third party threats and promises "might pose a great danger of inducing a false guilty plea by skewing the assessment of the risks a defendant must consider." *Id.*

Several courts have considered third party threats and promises in plea-bargaining since *Bordenkircher. See United States v. Usher,* 703 F.2d 956, 958 (6th Cir.1983); *Harman v. Mohn,* 683 F.2d 834, 838 (4th Cir.1982); *United States v. Nuckols,* 606 F.2d 566, 569 (5th Cir.1979); *United States v. Tursi,* 576 F.2d 396, 398 (1st Cir.1978).

None of these courts has held that third party threats or promises are coercive *per se.* Rather, they have held that the trial court should make a more careful examination of the voluntariness of a plea when it is induced by such threats or promises.

Here, it appears that the trial court *did* conduct a particularly searching inquiry at the Rule 11 hearing. The court repeatedly asked the defendant whether she had committed the acts for which she was charged. She replied under oath that she had. Her attorney advised her not to plead guilty unless she honestly believed that she was guilty. The court and counsel made every effort to assure that her plea was a knowing and voluntary one.

The court held a full hearing on Castello's motion to withdraw the plea. She chose not to testify and she did not call her former attorney. The court fully considered her affidavit and counsel's arguments. It concluded that Castello failed to meet her burden to show a fair and just reason to withdraw her plea.

The court specifically found: (1) there were no threats or promises made to the defendant at the time she entered her plea; (2) there was no improper advice given to her by her attorney; (3) there was no improper conduct on the part of the government; (4) the government would be prejudiced if the plea was withdrawn; and (5) there was strong evidence of Castello's guilt.

 We will not upset the trial court's findings of fact unless they are clearly erroneous. The court was entitled to credit Castello's testimony at the Rule 11 hearing

over her subsequent affidavit. *Cortez v. United States,* 337 F.2d 699, 702 (9th Cir. 1964). *See also United States v. Moore,* 599 F.2d 310, 314 (9th Cir.1979), *cert. denied,* 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980) (declarations in open court carry a strong presumption of verity).

 This case does not involve an allegation that the government threatened to prosecute a third person whom it had no cause to believe was guilty of a crime. *Cf. United States v. Nuckols,* 606 F.2d at 569–570 (threat to prosecute defendant's wife); *Johnson v. Wilson,* 371 F.2d 911, 912 (9th Cir.1967) (threat to prosecute pregnant wife and turn daughter over to juvenile authorities). This case also involves no allegation of ineffective assistance of counsel. Castello was represented by separate and very competent counsel, and there is no likelihood that he sacrificed her interests for those of a codefendant. *See United States v. Usher,* 703 F.2d at 958.

We hold that the trial court did not abuse its discretion by denying Castello's motion to withdraw her plea. Castello's other arguments lack merit.

Affirmed.