943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector FIGUEROA, Defendant-Appellant.
 No. 90-10382.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Figueroa appeals his conviction, following a guilty plea, for conspiracy to possess with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. § 846. Figueroa contends that the district court erred by refusing to allow him to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 4
 A district court may permit withdrawal of a guilty plea before sentencing for any fair and just reason. Fed.R.Crim.P. 32(d). "[T]rial judges should freely allow withdrawal of a guilty plea prior to sentencing." United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990). Nevertheless, a defendant has no right to withdraw his guilty plea, United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984); rather, the decision to allow withdrawal is within the sound discretion of the district court. United States v. Reed, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). A defendant bears the burden of showing a fair and just reason for withdrawal. Castello, 724 F.2d at 814. A later change of heart is not sufficient cause to withdraw the plea. Rios-Ortiz, 830 F.2d at 1070.
 
 
 5
 Here, Figueroa contends that he should have been allowed to withdraw the plea and proceed to trial because the government's actions gave rise to a possible entrapment defense to his offense, which carries a five-year mandatory minimum term of incarceration. He does not allege that his change of plea hearing did not meet the requirements of Fed.R.Crim.P. 11, nor does he allege newly discovered evidence or any other reason for withdrawing his plea that did not exist when he pleaded guilty.[1] All of the facts underlying the alleged defense were known to Figueroa at the time he entered his plea, but he chose to admit his guilt to the charged offense. His later change of heart is not a sufficient reason for withdrawal, and the district court did not abuse its discretion by denying the motion. See Rios-Ortiz, 830 F.2d at 1070.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Accordingly, Figueroa's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Figueroa seeks to bolster his claim by arguing that the prosecution acted improperly by offering him a less favorable plea bargain than that offered his co-defendant. Nevertheless, he does not argue, nor could he, that the disparity between plea bargains violated his rights. A defendant has no right to a plea bargain. See United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir.1987), aff'd on other grounds, 486 U.S. 153 (1988)