943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay Noboru KAM, Defendant-Appellant.
 No. 90-10168.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jay Noboru Kam appeals his conviction following entry of a guilty plea to conspiracy to possess with intent to distribute methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 846. Kam contends his guilty plea was the result of pressure by his original attorney and that the district court, therefore, erred by failing to allow him to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for abuse of discretion the district court's denial of a Fed.R.Crim.P. 32(d) motion to withdraw a guilty plea. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990). We review de novo the voluntariness of the plea. Id. A district court may permit withdrawal of a guilty plea before sentencing for any fair and just reason. Fed.R.Crim.P. 32(d). A defendant has no right to withdraw his guilty plea, United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984); rather, the decision to allow withdrawal is within the sound discretion of the district court. United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). A defendant bears the burden of showing a fair and just reason for withdrawal. Castello, 724 F.2d at 814. Rule 32(d) must be read along with Fed.R.Crim.P. 11, United States v. Rios-Ortiz, 830 F.2d 1067, 1070 (9th Cir.1987), which requires the district court to determine "that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement," Fed.R.Crim.P. 11(d).
 
 
 4
 "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)); Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir.1986) ("[a] guilty plea must be the voluntary expression of the defendant's own choice"). Because "[s]olemn declarations in open court carry a strong presumption of verity" when the defendant enters a guilty plea, United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) (citation omitted), cert. denied, 484 U.S. 382 (1987), a district court is entitled to credit sworn testimony offered at a Rule 11 hearing over subsequent conflicting statements, Castello, 724 F.2d at 815.
 
 
 5
 At the change of plea hearing, Kam responded in the negative when asked by the district court if "any one in any way attempted to force ... or coerce [him] to plead guilty in this case[.]" Following this interchange, the district court had the prosecutor state the factual basis for the plea and Kam agreed with this version of the facts.[1] Confusion arose, however, when the district court asked Kam, "Did you willfully and knowingly engage in a conspiracy to possess with intent to distribute more than 100 grams of methamphetamine," and Kam replied, "No, Your Honor." Benjamin Cassiday, Kam's counsel at the time, explained that Kam was objecting to the court's statement that Kam knew the amount of methamphetamine involved.
 
 
 6
 The district court then refused to accept Kam's guilty plea. Cassiday asked to confer off the record with his client. Cassiday testified at the hearing on the Motion to Withdraw Guilty Plea that Kam was reluctant at this point to admit that he knew there was crystal methamphetamine in the package which he had picked up. Cassiday testified that he told Kam, "I want you to tell the Court exactly what happened. Otherwise, the plea is going to go down. You're going to get a very lengthy sentence and we have a good deal worked out and I think you should go ahead with it." Cassiday testified that Kam "was reluctant [to enter the plea] and I was the driving force behind this plea." However, Cassiday also testified that although he did put pressure on Kam, he did not feel that he coerced or threatened Kam.
 
 
 7
 After the conference between Kam and Cassiday, the government offered to strike the language in the indictment referring to the specific amount of methamphetamine and the district court granted the motion. In an ensuing colloquy, Kam himself stated to the district court that, in exchange for helping to pick up the box which he knew contained methamphetamine, he was to receive a quantity of drugs for his own personal use. The district court specifically found that Kam's "plea of guilty is a knowing and voluntary plea supported by an independent basis in fact."
 
 
 8
 Clearly, Kam had some reservations regarding the stipulation of facts prior to the entry of his guilty plea. Nonetheless, it is also clear that despite pressure from his counsel, Kam did not enter his plea until his concerns had been addressed. Finally, Kam specifically stated under oath that he had not been coerced into entering his plea. In light of this evidence, we cannot say that Kam's guilty plea was involuntary or that the district court abused its discretion by declining to grant Kam's motion to withdraw his guilty plea. See Zweber, 913 F.2d at 711; cf. Iaea, 867 F.2d at 868.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Kam had some disagreements with certain portions of the factual description, these disagreements were not essential for establishing the factual basis