952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James H. MATLOCK, Defendant-Appellant.
 No. 91-50513.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James H. Matlock appeals his conviction following a guilty plea to one count of distribution of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1). Matlock contends that the district court erred by denying his motion to withdraw his guilty plea because the government failed to comply with the terms of the plea agreement, and the district court failed to advise him that he would not have the right to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's denial of a motion to withdraw a guilty plea. United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 4
 A district court may permit withdrawal of a guilty plea before sentencing for any fair and just reason. Fed.R.Crim.P. 32(d). A defendant has no right to withdraw his guilty plea, United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984); rather, the decision to allow withdrawal is within the sound discretion of the district court. United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). A defendant bears the burden of showing a fair and just reason for withdrawal. Castello, 724 F.2d at 814.
 
 
 5
 Because "[s]olemn declarations in open court carry a strong presumption of verity" when the defendant enters a guilty plea, United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir.) (citation omitted), cert. denied, 484 U.S. 382 (1987), a district court is entitled to credit sworn testimony offered at a change of plea hearing over subsequent conflicting statements, Castello, 724 F.2d at 815.
 
 
 6
 The terms of a plea agreement are to be interpreted using contract-law standards. Read, 778 F.2d at 1441. "To determine whether the plea agreement was violated, we first determine what the parties ... reasonably understood to be the terms of the agreement. What the parties agreed to is a question of fact to be resolved by the district court." Id. (quotations and citations omitted). We review the district court's findings of fact for clear error. Id.
 
 
 7
 Here, the district court made clear to Matlock the terms of the plea agreement at his change of plea hearing on October 12, 1989:
 
 
 8
 [Y]ou have a ten-year mandatory minimum or a twenty-year mandatory minimum [sentence], depending upon what the [United States Attorney] chooses to do regarding this prior conviction, and he is going to assess your cooperation as part of your plea agreement, and if he deems your cooperation to be of sufficient significance, he can withdraw or not pursue the prior conviction. And if he does it, he thinks you have done anything of any moment or significance, he can pursue it.
 
 
 9
 ....
 
 
 10
 And, furthermore, I suppose he can make a recommendation to the court that there be a departure under [Sentencing Guidelines section] 5K1.1 for cooperation below the mandatory minimum, again depending upon his and the [FBI] agents' assessments, and depending upon the court's assessment.
 
 
 11
 ....
 
 
 12
 So, there are no guarantees at all under this plea agreement. It is basically in your hand to provide the cooperation, and it is then for them to independently assess that cooperation and make any suggestions they feel appropriate to the court. And it is then up to the court to assess the cooperation based upon the input as received from the government.
 
 
 13
 RT 10/12/89 at 37-38. Matlock nevertheless contends that the government acted in bad faith in exercising its discretion to inform the district court about the extent of his cooperation. We disagree. At Matlock's sentencing hearing on March 1, 1991, the district court reviewed the sworn declarations of two Federal Bureau of Investigation agents who met with Matlock on several occasions. The agents stated that Matlock provided no "information of value concerning any type of criminal activity," indicated that he did not want to continue in the investigation, and was unable or unwilling to provide "positive information." There is no indication in the record that the government acted in bad faith in its assessment of Matlock's cooperation, or in its decision to use Matlock's prior conviction to enhance the minimum mandatory sentence and to refuse to recommend a downward departure. Thus, the district court did not abuse its discretion by denying Matlock's motion to withdraw his plea. See Read, 778 F.2d at 1441-42.
 
 
 14
 The district court did not err by not instructing Matlock that he had no right to withdraw his guilty plea. Fed.R.Crim.P. 11(e)(2) requires the district court to so instruct a defendant only where a plea agreement contemplates that the government will either make a recommendation as to a particular sentence, or not oppose the defendant's request for a particular sentence. Fed.R.Crim.P. 11(e)(1)(B), 11(e)(2). Here, the government neither agreed to recommend a particular sentence nor agreed not to oppose Matlock's request for a particular sentence. Thus, there was no error in the district court's failure to instruct Matlock that he had no right to withdraw his guilty plea.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3