993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Scott CAMPBELL, Defendant-Appellant.
 No. 92-35498.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 12, 1993.
 MEMORANDUM*
 
 1
 Before SKOPIL, ALARCON and BEEZER, Circuit Judges
 
 
 2
 Roger Scott Campbell appeals pro se the district court's denial of his petition for habeas corpus relief. He contends that the district court erred by not conducting an evidentiary hearing and by rejecting his contentions that his plea was involuntary and that he received ineffective assistance of counsel. We affirm.
 
 DISCUSSION
 1. Voluntariness of Guilty Plea
 
 3
 Campbell first contends that his plea was not voluntary because he disputed the government's summary of the evidence supporting the plea. He contends that the district court thereby failed to comply with provisions of Federal Rule of Criminal Procedure 11 requiring the court to determine that a defendant understands the nature of the charges and that there is a factual basis for a defendant's plea. See Fed.R.Crim.P. 11(c) & (f).
 
 
 4
 We have reviewed the relevant transcripts and we reject Campbell's contention that the court failed to comply with Rule 11. The transcripts demonstrate that Campbell both understood the charges against him and admitted his involvement in the crimes. The district court was entitled to credit Campbell's sworn testimony offered at the Rule 11 hearing over his subsequent, conflicting statements. See United States v. Castello, 724 F.2d 813, 815 (9th Cir.), cert. denied, 467 U.S. 1254 (1984).
 
 
 5
 Campbell next contends that prosecutorial misconduct rendered his plea involuntary. He specifically charges the government with fabricating the obstruction of justice charge. There is nothing, however, but Campbell's conclusory allegations to support his claim. In contrast, the record shows that the sentencing court conducted an evidentiary hearing to determine the underlying facts supporting the charge. The court heard testimony, made credibility findings, and concluded that "there is no question ... that Mr. Campbell meant a physical threat to be made to [his codefendant]. CR 152 at 76. Moreover, Campbell's conclusory allegations are rebutted by affidavits from both defense counsel and prosecutor denying any knowledge of undisclosed cooperation between the government and witnesses. We reject Campbell's contention.
 
 
 6
 We also reject Campbell's argument that the prosecutor forced him to plead guilty by offering a "package deal" to him and his codefendants. First, Campbell specifically stated at his plea hearing that he was not threatened or coerced into pleading guilty. Second, even if there was a "package deal," we have held that such agreements are permissible as long we are satisfied that each defendant's plea is voluntary. See United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir.1987), certiorari granted on other grounds, 484 U.S. 814 (1987), and aff'd, 487 U.S. 1243 (1988). Campbell's plea was both knowing and voluntarily made.
 
 2. Ineffective Assistance of Counsel
 
 7
 Campbell argues that his attorney's representation was constitutionally ineffective. To establish his claim, Campbell must show that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Most of Campbell's allegations of deficient misrepresentation are fully refuted by the record and by defense counsel's affidavit regarding counsel's preparation and performance. The others are but examples of strategic decisions by counsel that are clearly within the range of reasonable, competent performance. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). We reject Campbell's assertion that he did not receive effective representation.
 
 3. Evidentiary Hearing
 
 8
 Campbell challenges the district court's refusal to hold an evidentiary hearing. We conclude that no hearing was necessary. Although Campbell alleged facts outside the record, "no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.) (internal quotations omitted), cert. denied, 493 U.S. 869 (1989). Moreover, the district court is entitled to rely on documentary testimony and evidence in the record in lieu of conducting an evidentiary hearing, when such testimony and records "conclusively show that petitioner is entitled to no relief." Watts v. United States, 841 F.2d 275, 278 (9th Cir.1988) (per curiam).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3