993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael R. MACK, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Margaret PAULSON, Defendant-Appellant.
 Nos. 92-30223, 92-30307.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1993.
Decided May 18, 1993.
 
 Before: WRIGHT, ALARCON AND BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Mack and Margaret Paulson pleaded guilty to charges of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Mack appeals his sentence, and Paulson appeals her conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Paulson, members of her family and others, including Mack, conspired to distribute marijuana. A significant portion of the marijuana was grown on Hawaiian land in which Mack held an undivided 35-percent ownership interest. A raid of the property resulted in the confiscation of 995 marijuana plants and over 90 pounds of marijuana. During a search of the property years later, camouflage netting was found in a shed owned by Mack.
 
 II
 
 4
 Mack argues his sentence should have been based only on the 800 to 1100 pounds of marijuana he admitted delivering to one of Paulson's sons and not on the estimated 2700 pounds distributed through the conspiracy while Mack was a member. The estimate included marijuana grown on Mack's property that Mack said he did not deliver and other marijuana acquired by his co-conspirators, one of which was another of Paulson's sons. The finding on quantity must be supported by a preponderance of the evidence and is reviewed for clear error. United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, --- U.S. ----, 112 S.Ct. 1564 (1992).
 
 
 5
 The district court correctly approximated the quantity of drugs within the scope of the conspiracy, and Mack is accountable for that amount. U.S.S.G. §§ 1B1.3, comment. (n. 1), 2D1.4, comment. (n. 2) (Nov. 1991). By pleading guilty, Mack admitted he and two of Paulson's sons were co-conspirators. The record includes information on how the Paulson brothers worked-together to further the conspiracy. The record also shows Mack tended the marijuana crops growing on his property. A detective testified that, after considering the amount of marijuana seized on Mack's property, the number of potential crops and information on shipments, distribution of 25 pounds per month through the conspiracy was his "most reasonable conclusion." The court adopted the presentence report, which stated that estimates on the rate of distribution ranged from 25 to 120 pounds per month and used 25 pounds per month over an undisputed nine-year period of Mack's participation to calculate the total quantity. Notwithstanding Mack's denials of knowledge, the evidence shows distribution of 2700 pounds of marijuana through the conspiracy was reasonably foreseeable by Mack.
 
 III
 
 6
 Paulson argues that because the government refused to plea-bargain with any member of her family unless they all agreed to plead guilty, her guilty plea was involuntary. We review the denial of Paulson's motion to withdraw the plea for abuse of discretion. United States v. Castello, 724 F.2d 813, 814 (9th Cir.), cert. denied, 467 U.S. 1254 (1984).
 
 
 7
 Following extensive negotiations, Paulson pleaded guilty. The package-deal was disclosed to the district court prior to Paulson's change of plea hearing. In response to the court's repeated questioning on the voluntariness of her plea, Paulson replied she pleaded guilty to reduce her sons' sentences. In light of the "mountain of evidence" implicating her, Paulson also believed a jury conviction was likely.
 
 
 8
 At sentencing two months later, Paulson nevertheless insisted she had been "talked into pleading guilty." The government stated if Paulson wanted to withdraw her guilty plea, the district court should set a trial date for the Paulson family. After discussions with her attorney, Paulson said she did not want to withdraw her plea. Although the court had sentenced Paulson's co-defendants, it continued Paulson's sentencing for several weeks to "make sure that this is what she wants to do."
 
 
 9
 In the interim, Paulson moved to withdraw her guilty plea. The district court held an evidentiary hearing and found Paulson "knew exactly what she was doing" and the "decision was voluntarily made." The court sufficiently inquired into the voluntariness of the plea. Castello, 724 F.2d at 815.
 
 
 10
 The district court correctly considered whether denial of Paulson's motion would result in manifest injustice. Paulson's co-defendants had been sentenced, and allowing Paulson to retain the package-deal's benefits while rejecting its burdens would "undermine respect for the courts and fritter away the time and painstaking effort devoted to the sentencing process." United States v. Ramos, 923 F.2d 1346, 1358-59 (9th Cir.1991). The court properly exercised its discretion in denying the motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3