29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel THOMSON, Defendant-Appellant.
 No. 93-30195.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.
Decided July 20, 1994.*
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Thomson appeals his conviction, following a guilty plea, for distributing a controlled substance in violation of 21 U.S.C. Sec. 856. Thomson contends that the district court erred by denying his motion to withdraw his guilty plea, and that the district court improperly participated in plea negotiations. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 We review for abuse of discretion the district court's denial of a Fed.R.Crim.P. 32(d) motion to withdraw a guilty plea. United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). We review de novo the voluntariness of a guilty plea. Zweber, 913 F.2d at 710.
 
 
 4
 The defendant has no right to withdraw a guilty plea; rather, the defendant bears the burden of showing a fair and just reason for withdrawal. Rios-Ortiz, 830 F.2d at 1069; United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1986). "A guilty plea is valid so long as it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Read, 778 F.2d at 1440 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Because solemn declarations in open court carry a strong presumption of truthfulness, the district court is entitled to credit sworn testimony offered at a Rule 11 hearing over subsequent conflicting statements. United States v. Castello, 724 F.2d 813, 815 (9th Cir.), cert. denied, 467 U.S. 1254 (1984).
 
 
 5
 Thomson pleaded guilty to maintaining a residence for drug activity on August 18, 1992. Eight days later, Thomson moved to withdraw his plea, contending that his mental state had deteriorated, due to depression, isolation in prison, and his use of the prescription antidepressant Prozac, to the extent that his plea was involuntary. At the Rule 11 hearing, the district court asked Thomson about his use of Prozac; Thomson affirmed that his mind was clear. The district court also asked Thomson whether his guilty plea was entered freely and voluntarily, with a full understanding of the plea agreement. Thomson responded "With all the options that are available, with the unfairness of the Court, this is the best option, and I make the choice to choose this one."
 
 
 6
 Thomson's statements during the Rule 11 hearing establish that his mind was clear and his plea was voluntary. The district court was entitled to rely on this testimony rather than Thomson's later statements regarding his confused mental state. See Castello, 724 F.2d at 815. Furthermore, Thomson's own witness testified that Thomson's cognitive abilities did not appear to be affected by his depression and drug use. Thomson's statement to the court indicates that the plea, although perhaps not ideal from his stand point, represented a voluntary and knowing choice among available alternatives. See Read, 778 F.2d at 1440. Accordingly, the district court did not abuse its discretion by denying Thomson's motion to withdraw his guilty plea. See Zweber, 913 F.2d at 710; Rios-Ortiz, 830 F.2d at 1069.
 
 
 7
 Thomson also contends that there was not an adequate factual basis for his plea. Fed.R.Crim.P. 11(f) provides "the court shall not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." At the Rule 11 hearing, Thomson affirmed the statement in the plea agreement that "between December '91 and February '92 I maintained my premises where I allowed illegal drugs to be used." This statement provides a sufficient factual basis to state a violation of 21 U.S.C. Sec. 856. See United States v. Tamez, 941 F.2d 770, 774 (9th Cir.1991) (21 U.S.C. Sec. 856(a)(2) "requires only that the prescribed activity was present, that [the defendant] knew of the activity and allowed that activity to continue.")
 
 
 8
 Thomson also contends that the district court improperly participated in plea negotiations, in violation of Fed.R.Crim.P. 11(e). "The court is strictly barred from participating in plea discussions under Fed.R.Crim.P. 11(e)(1)." United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993). Here, Thomson and the government had reached a plea agreement which included the government's recommendations for sentencing. At the Rule 11 hearing, Thomson asked if he could withdraw his plea if the sentence imposed exceeded the sentence recommended in the plea agreement. The district court agreed to this request. This statement did not amount to participation in negotiating the plea agreement, nor did it change the terms of the agreement already reached between the parties. Accordingly, the district court did not violate Rule 11(e)(1). See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Thomson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3