32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William J. TOCKI, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William J. TOCKI, Defendant-Appellant.
 Nos. 93-30241, 93-30244.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 15, 1994.
 
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, William J. Tocki appeals his conviction, which followed a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g), 924(a). Tocki claims he should have been allowed to withdraw his plea. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Myers, 993 F.2d 713, 714 (9th Cir.1993). A defendant has no right to withdraw his plea, and bears the burden of showing a fair and just reason why withdrawal should be permitted. Id. A district court is entitled to credit testimony offered at a Rule 11 hearing over subsequent, conflicting statements. United States v. Castello, 724 F.2d 813, 815 (9th Cir.), cert. denied, 467 U.S. 1254 (1984).
 
 
 4
 Tocki entered a plea of guilty on March 8, 1993, at the conclusion of an exemplary Rule 11 hearing. He stated in open court that his plea was knowing and voluntary. At his sentencing hearing on May 12, 1993, he asked to withdraw his plea. The district court permitted him to file a formal motion, which it subsequently denied.
 
 
 5
 Tocki appeals, claiming that his plea was not knowing or voluntary. He quotes passages from the Rule 11 hearing in which he questions the district court about the terms of his plea. He omits the passages in which the district court answers his questions and he states he understands. Tocki's bald assertion on appeal that his plea was not knowing or voluntary conflicts with statements he made at the plea hearing. The district court was entitled to believe the earlier statements. See Castello, 724 F.2d at 815. The district court did not abuse its discretion in denying Tocki's motion to withdraw his plea. See Myers, 993 F.2d at 714.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3