UNITED STATES OF AMERICA,
Plaintiff—Appellee,

v.

Jose REYNOSO–GONZALEZ,
Defendant—Appellant.

No. 00–55651.
D.C. Nos. CV–98–00803–
N, CV–95–00973–N.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2001.*

Decided Feb. 28, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before TASHIMA and FISHER, Circuit Judges, and ZILLY, District Judge.**

MEMORANDUM ***

Jose Reynoso–Gonzalez ("Reynoso") appeals the denial of his § 2255 motion which requested that he be able to withdraw his guilty plea or that his conviction and sentence be vacated. He contends that the government threatened to indict his children if he did not plead guilty and that his counsel was ineffective for allowing him to plead guilty in these circumstances. The Court reviews a denial of a § 2255 motion de novo and a district court's findings of fact for clear error. *United States v. Benboe*, 157 F.3d 1181, 1183 (9th Cir.1998).

■ The government is able to offer a plea agreement to a defendant whereby a third-party receives a benefit from the defendant's decision to plead guilty. *United States v. Caro*, 997 F.2d 657, 659–60 (9th Cir.1993). A plea is not invalid if entered under a plea agreement that includes leniency for a third party or in response to a prosecutor's justifiable threat to prosecute a third party if the plea is not entered. *Id.; United States v. Castello*, 724 F.2d 813, 814–15 (9th Cir.1984). The guilty plea, however, must be voluntarily made.

Fed.R.Crim.P. 11(d); *Boykin v. Alabama*, 395 U.S. 238, 242–43, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "To determine voluntariness, we examine the totality of the circumstances." *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir.1986). When a plea agreement is made based upon a promise or threat to a third party, "a more careful examination of the voluntariness" is necessary. *Caro*, 997 F.2d at 659–60; *Castello*, 724 F.2d at 815.

■ After holding an evidentiary hearing, the district court made a finding of fact that "[t]he Government made no promises or threats to [Reynoso's attorney], other than those represented in the written plea agreement ... in order to induce Jose Reynoso–Gonzalez to plead guilty." The record is completely devoid of any threat made by the government to prosecute Reynoso's family if he did not plead guilty. At most, there is contradictory evidence that the government promised that Reynoso's family would not be indicted if he pled guilty. The weight of the evidence, however, favors the government's version of the events that no such promise was made.

Reynoso and his lawyer, Blancarte, both signed the written plea agreement and orally testified at the Rule 11 hearing that no other promises were made that were not included in the written agreement. Additionally, the government's lawyer denied making such promises in letters and in a sworn declaration. The district court was entitled to credit Reynoso's (and his lawyer's) testimony at the Rule 11 hearing over the subsequent testimony of his lawyer at a § 2255 hearing. *See Castello*, 724 F.2d at 815. Accordingly, we hold that the

---

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

district court did not clearly err in finding that no threats or promises were made regarding the indictment of Reynoso's children and did not err in concluding that his plea was voluntary entered.

Reynoso also argues that his trial counsel was ineffective because he knew about the involuntariness of his plea and allowed him to plead guilty anyway. Because Reynoso's plea was not involuntary, Blancarte's decision to allow Reynoso to plead guilty was not unreasonable. Accordingly, Reynoso was not deprived his right to effective counsel. *See Strickland v. Washington*, 466 U.S. 668, 700, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Lastly, Reynoso argues that the § 2255 evidentiary hearing was not "full and fair" because he could not testify as a result of Judge Nielsen's alleged bias. Reynoso filed a motion to recuse Judge Nielsen on the basis of this alleged bias. After a hearing, Judge Nielsen denied that motion. Reynoso then sought and was denied a Certificate of Appealability for the denial of that motion. We interpret Reynoso's contention that he did not receive a "full and fair" hearing as not an issue on which a Certificate of Appealability was granted; it also is a backdoor attempt at arguing the recusal motion on appeal. Because Reynoso did not appeal the denial of the Certificate of Appealability as required by Ninth Circuit Rule 22.1, we lack jurisdiction to hear this argument. *United States v. Cruz–Mendoza*, 163 F.3d 1149, 1150 (9th Cir.1998).

AFFIRMED.