**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tony Allen KENNARD, Defendant—
Appellant.**

**No. 01–30346.**
**D.C. No. CR–01–00013–a–JMF.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2002.

Decided Aug. 29, 2002.

Before B. FLETCHER, ALARCÓN, and GRABER, Circuit Judges.

### MEMORANDUM *

Defendant–Appellant Tony Allen Kennard ("Kennard") appeals from the judgment of conviction and the sentence imposed by the district court, entered pursuant to his guilty plea agreement on six counts of visa fraud and two counts of transportation of minors for illegal purposes in violation of the Mann Act. Kennard contends that he has the right to appeal, notwithstanding the fact that he waived his right to do so in the plea agreement, because his guilty plea was involuntary. Despite the fact that he was sentenced within the appropriate Sentencing Guidelines range, Kennard further asserts that the district court improperly denied several bases for a downward departure. We affirm.

### I

█ Kennard did not expressly object before the district court on the ground that his guilty plea was involuntary, nor did he move to withdraw it. In the plea agreement, however, Kennard reserved his right to appeal his conviction and sentence on the ground that his plea was involuntary. Because we consider that reservation to recognize the due process interest in entering a plea free of coercion, we deem the issue properly preserved for appeal. Accordingly, we review de novo whether the plea was entered voluntarily. *See United States v. Gaither*, 245 F.3d 1064, 1068 (9th Cir.2001).

"This court looks to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996). "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir.2001) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)).

[A] plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Kaczynski*, 239 F.3d at 1114 (quoting *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)).

In order to ensure the defendant's knowledge of the consequences of a guilty plea and whether it is voluntary,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[b]efore accepting a guilty plea, the court must address the defendant in open court and ensure that he understands the consequences of his plea, including the nature of the charge to which he is admitting, the mandatory minimum applicable penalty, the maximum possible penalty and the forfeiture of his right to a jury trial.

*United States v. King*, 257 F.3d 1013, 1021 (9th Cir.2001) (citing Fed.R.Crim.P. 11(c)). The record shows that the district court satisfied each of the requirements of Rule 11(c).

■ Kennard contends that his waiver of the right to appeal is ineffective because he was improperly coerced into pleading guilty. A prosecutor's promise to treat a third party leniently during plea bargaining is not coercive per se. *United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). The "trial court should make a more careful examination of the voluntariness of a plea when it is induced by such threats or promises." *Id.*

When asked whether anyone made any promise to him that was not contained in the plea agreement, Kennard replied: "No. They said they would let my wife go, sir." Prior to accepting Kennard's guilty plea, the district court conducted an inquiry to determine whether Kennard's intention to plead guilty was voluntary. Kennard was informed that he "shouldn't plead to something where you're innocent, simply because the Government is going to dismiss charges against your wife."

The plea agreement states: "The government has given notice that it will file a Motion to Dismiss the Superseding Indictment as to defendant Rachel Kennard on or before June 12, 2002. The intention of the government to dismiss as to Rachel Kennard is independent of this plea agreement." Kennard signed the plea agreement on June 13, 2001. He stated in the agreement that he had read it and understood its terms. He also alleged: "I enter into this agreement knowingly and voluntarily." The Government moved to dismiss the charges against Rachel Kennard before June 13. Under these circumstances, Kennard pleaded guilty voluntarily.

II

■ During the Rule 11 colloquy, Kennard stated that he did not know that two of the victims were minors. The prosecutor informed the court that a recent decision of this court, *United States v. Taylor*, 239 F.3d 994, 997 (9th Cir.2001), held that ignorance of the age of a minor in a prosecution under the Mann Act is not a defense. Kennard's counsel conceded that the Government had evidence from which a jury reasonably could conclude that Kennard had actual knowledge that two of the victims were minors. He also explained to the court that "[Kennard] would like to enter a plea of guilty to this charge, even though he has philosophical problems with the way the law is written." The fact that Kennard did not agree with the law making his conduct a crime is irrelevant to the validity of his guilty plea.

■ The uncertainty of the effect of his guilty plea on his sentence, and Kennard's unhappiness with the result of his decision, also do not affect the validity of his guilty plea.

There is no guarantee that the accused will make the correct decision or that in hindsight such plea will not reflect an error in fact or judgment. Such uncertainty, which after all is the linchpin of every plea bargain, is inherent in a guilty plea and does not make the plea involuntary.

*Johnson v. United States*, 539 F.2d 1241, 1243 (9th Cir.1976).

The district court did not err in finding that the guilty plea was knowing, intelligent, and voluntary. Therefore, the waiver of his right to appeal his sentence precludes this court from reviewing the issues Kennard has raised concerning the district court's sentencing decision.

The conviction and sentence are AFFIRMED.

---

\* The panel finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.