FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50636 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00640-VBF-1 |
| v. | |
| FELICIANO SANCHEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted February 8, 2012
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Feliciano Sanchez ("Sanchez") appeals his conviction by guilty plea to

deprivation of constitutional rights under the color of law in violation of 18 U.S.C.

§ 242.  Sanchez is a former police officer for the City of Bell, California.  The

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

charge was based on his rape of Rosa Hernandez ("Hernandez"), a motorist he had pulled over for speeding. Sanchez contends that the district court erred in denying his motion to withdraw his guilty plea because there was credible evidence of his innocence. He also claims that the court erred at sentencing in failing to address the issue he raised of unwarranted sentencing disparity in six other cases. Conversely, the government contends that Sanchez waived his right to appeal his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

**1.** Sanchez argues that the district court erred in denying his motion to withdraw his guilty plea because he was innocent. "Fair and just reasons for withdrawal include inadequate plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). "The defendant has the burden of demonstrating the existence of at least one of these conditions." *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009).

A court does not abuse its discretion when it credits a defendant's testimony at the plea colloquy over the defendant's later assertions of innocence in a motion

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

to withdraw that plea. *See United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). Sanchez admitted that he raped Hernandez at the plea colloquy and then maintained his innocence several months later in his motion to withdraw the plea. The court did not abuse its discretion in not crediting Sanchez's later assertions of innocence.

Sanchez offers no evidence that did not exist at the time he entered his plea to warrant a withdrawal. Instead, he only offers unsupported claims of his innocence that contradict his admissions during the plea colloquy. Such unsupported claims do not rise to the level of a fair and just reason for withdrawal of a plea. *United States v. Turner*, 898 F.2d 705, 713 (9th Cir. 1990). Accordingly, the district court did not abuse its discretion in denying Sanchez's motion to withdraw his plea.

**2.** The government contends that Sanchez waived his right to challenge his sentence on appeal. "When an appeal raises issues encompassed by a valid, enforceable appellate waiver, the appeal generally must be dismissed." *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). During the plea colloquy, Sanchez expressly waived the right to appeal any sentence imposed, as long as the sentence is within the statutory maximum and constitutional. Yet now on appeal, Sanchez attacks the sentence for imposing an unwarranted disparity. Sanchez did

3

not respond to the government's waiver argument and he does not allege that the sentence is beyond the statutory maximum or unconstitutional. Nor does he argue that the Rule 11 colloquy was inadequate or that the waiver was not knowingly entered. Accordingly, we conclude that Sanchez waived his right to appeal his sentence.

**AFFIRMED** in part and **DISMISSED** in part.