**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ramon RIOS–ORTIZ, Defendant-Appellant.**

No. 86–5340.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1987.

Decided Oct. 22, 1987.

Marilyn Butler, Los Angeles, Cal., for defendant-appellant.

Brian Hennigan, Los Angeles, Cal., for plaintiff-appellee.

Before SCHROEDER, NELSON and NORRIS, Circuit Judges.

SCHROEDER, Circuit Judge:

Appellant Ramon Rios-Ortiz pleaded guilty and was convicted of assaulting a border patrol officer. Following the plea, but before final sentencing, he moved to withdraw the plea pursuant to Federal Rule of Criminal Procedure 32(d), stating that he had changed his mind and wished to go to trial on a theory of self-defense. The district court denied the motion and Rios-Ortiz appeals.

Under Rule 32(d) of the Federal Rules of Criminal Procedure, the court may permit the presentence withdrawal of a guilty plea upon a showing by the defendant of "any fair and just reason." [1] The issue presented on appeal is whether the district court abused its discretion in denying the defendant's motion to withdraw his guilty plea.

On May 19, 1986, Rios-Ortiz pleaded guilty to assault. The facts as presented by Rios-Ortiz at the time he pleaded guilty were not challenged by the government. Rios-Ortiz said that a female undercover officer approached him on a sidewalk and said "Immigration," showed him the gun under her coat, and directed him to cross the street with her. The officer told Rios-Ortiz that they would wait for a senior officer, and he could then leave upon proving his citizenship.

After initially complying with the officer's request, Rios-Ortiz then began to walk away. The officer grabbed him and Rios-Ortiz hit her. The officer hit him back. Rios-Ortiz then struck the officer on her forehead, swung her around by her hair, and then let her go. When the officer reached for her gun, Rios-Ortiz grabbed it, but pointed the gun away from them and relinquished it to a third party.

The district court accepted and entered the plea in full compliance with Federal Rule of Criminal Procedure 11's requirements to ensure that the plea was knowing, voluntary and with a factual basis. On

---

1. Rule 32(d) of the Federal Rules of Criminal Procedure states:

    (d) *Plea Withdrawal.* If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

June 16, 1986, the court ordered a psychological study as authorized in 18 U.S.C. § 4205(c).

On September 5, 1986, before completion of the psychological study and before final sentencing, Rios-Ortiz moved to withdraw his guilty plea so that he could raise the possibility of self-defense before a jury. The district court denied the motion. The court sentenced him to three years in the Attorney General's custody.

The denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Johnson*, 760 F.2d 1025, 1026 (9th Cir.1985). Rule 32(d) provides that before sentence is imposed, "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255." Motions for withdrawal made before disposition under 18 U.S.C. § 4205(c) are thus determined under the "fair and just reason" standard, which is a more lenient test than that applied on post-sentencing review. Fed.R.Crim.P. 32(d), Notes of Advisory Committee, 1983 Amend.

Rios-Ortiz does not challenge the adequacy of his Rule 11 hearing, nor does he allege newly discovered evidence, intervening circumstances, or any other reason for withdrawing his plea that did not exist when he pleaded guilty. Instead, he urges an extremely lenient interpretation of Rule 32(d), arguing that if there is no prejudice to the government, a district court should permit the presentencing withdrawal of a guilty plea whenever the defendant has a good faith change of heart.

We decline to interpret Rule 32(d) in that manner for three reasons which can be summarized as follows. First, the Rule itself places the burden of showing a fair and just reason for withdrawal of a guilty plea on the defendant. Second, an interpretation requiring the district court to grant such a motion in the absence of prejudice would interfere with the district court's ability to exercise the discretion we have held the Rule entails. Third, the interpretation proposed by appellant is inconsistent with Rule 11's purpose of ensuring some finality at the time pleas are accepted.

In *United States v. Read*, 778 F.2d 1437, 1440 (9th Cir.1985), *cert. denied*, —— U.S. ——, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986), and *United States v. Castello*, 724 F.2d 813, 814 (9th Cir.), *cert. denied*, 467 U.S. 1254, 104 S.Ct. 3540, 82 L.Ed.2d 844 (1984), we held that the defendant bears the burden of showing a fair and just reason for withdrawal of a guilty plea, and that the defendant has no "right" to withdraw his plea. We believe these holdings preclude adoption of Rios-Ortiz's position which would, in effect, eliminate the defendant's burden of showing a fair and just reason and substitute a right to withdraw the plea absent prejudice to the government.

Other circuits have more squarely considered, and rejected, a construction of Rule 32(d) like that appellant urges. The Second Circuit has expressly stated that the defendant's "change of heart" is insufficient as a "fair and just reason." *United States v. Figueroa*, 757 F.2d 466, 475 (2d Cir.), *cert. denied*, 474 U.S. 840, 106 S.Ct. 122, 88 L.Ed.2d 100 (1985); *United States v. Michaelson*, 552 F.2d 472, 476 (2d Cir. 1977). At least two circuits have specifically rejected the notion that any desire to withdraw a plea is "fair and just" if the government cannot show prejudice, concluding instead that an inquiry into government prejudice is unnecessary until the defendant establishes valid grounds for withdrawal. *United States v. Thompson*, 680 F.2d 1145, 1150 (7th Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983); *United States v. Saft*, 558 F.2d 1073, 1083 (2d Cir.1977); *see also* Fed.R. Crim.P. 32(d), Notes of Advisory Committee, 1983 Amend. Commentators have pronounced this "the sounder and prevailing view." LaFave and Israel, *Criminal Procedure* § 20.5 (1985).

Consistent with that view, this court has repeatedly held that the decision to permit or deny withdrawal of a guilty plea is within the district court's sound discretion. *United States v. Del Valle-Rojas*, 463 F.2d 228, 229 (9th Cir.1972); *United States v.*

*Fragoso-Gastellum,* 456 F.2d 1287, 1287 (9th Cir.), *cert. denied,* 406 U.S. 970, 92 S.Ct. 2427, 32 L.Ed.2d 669 (1972). Accordingly, this court has not overturned a denial of a motion to withdraw a guilty plea absent something more than the defendant's change of mind. *Cf., Kadwell v. United States,* 315 F.2d 667 (9th Cir.1963) (refusal to permit withdrawal of plea reversed where district court did not inform defendant of nature of accusation or consequences of plea; defendant was faced with serious charge, was far from home, and had only brief consultation with counsel appointed at time of arraignment). Appellant's proposed interpretation of Rule 32(d) would require us to hold as a matter of law that courts must permit withdrawal prior to sentencing absent bad faith or prejudice to the government. It is thus inconsistent with the broad discretion this court has accorded to district court determinations.

Appellant cites to us cases from other circuits where denials of Rule 32(d) motions were reversed, but these cases all involved factors in addition to a change of heart. *United States v. Schubert,* 728 F.2d 1364 (11th Cir.1984) (discovered new information that informant had lied); *United States v. Morgan,* 567 F.2d 479 (D.C.Cir.1977) (new evidence discovered); *United States v. Young,* 424 F.2d 1276 (3d Cir.1970) (defendant did not understand the charge).

Finally, Rule 32(d), governing plea withdrawal, must be read in conjunction with Rule 11, governing plea entry. Rule 11 was amended in 1975 to provide greater safeguards to the defendant before the court accepts a guilty plea. The present rule requires that the court address the defendant personally; determine that the defendant understands the nature of the charge; inform the defendant of and determine that he understands the mandatory minimum penalty and maximum possible penalty; inform the defendant and determine that he understands that he waives his fifth amendment rights and right to trial; inform the defendant and determine that he understands that he has the right to plead not guilty and the right to representation by an attorney, and that the court will appoint an attorney if necessary; inform the defendant and determine that he understands that if the court questions him under oath, on the record, in his counsel's presence about the offense, his answers may be used against him; determine that the plea is voluntary and not the result of force, threats, or promises apart from a plea agreement; satisfy itself that there is a factual basis for the plea; and keep a verbatim record of the proceedings at which the defendant enters a plea. Fed.R. Crim.P. 11. These requirements are designed to ensure that the criminal defendant who pleads guilty understands exactly what the plea means. 1 Wright, *Federal Practice and Procedure* § 171.1 (2d ed. 1982). Where, as here, the district court fully complied with Rule 11's requirements, the result should be more than ephemeral. Directing the district court to permit appellant to withdraw his guilty plea merely because he changed his mind would undermine Rule 11's purpose and reduce plea proceedings to a time-consuming formality with no lasting effect. This was recognized by the drafters of the present Rule 32(d) who stated that Rule 32(d) should be applied to reinforce Rule 11 as amended and give pleas more finality.

[Although it may once have been sound to permit the withdrawal of a plea for any reason so long as the government was not prejudiced], this is no longer the case in light of the recent revisions of Rule 11. Rule 11 now provides for the placing of plea agreements on the record, for full inquiry into the voluntariness of the plea, for detailed advice to the defendant concerning his rights and the consequences of his plea and a determination that the defendant understands these matters, and for a determination of the accuracy of the plea. Given the great care with which pleas are taken under this revised Rule 11, there is no reason to view pleas so taken as merely "tentative," subject to withdrawal before sentence whenever the government cannot establish prejudice.

Fed.R.Crim.P. 32(d), Notes of Advisory Committee, 1983 Amend.

AFFIRMED.