959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig Anthony CARRINGTON, Defendant-Appellant.
 No. 90-30437.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1992.*
Decided April 14, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Craig Anthony Carrington appeals from the district court's denial of his motion to withdraw his guilty plea. Finding that the district judge did not abuse his discretion, we affirm.
 
 
 3
 On May 14, 1990, Carrington pled guilty to Count One of a seven count indictment. Count One charged that "Beginning at a time unknown, but during 1987, and continuing until on or about April 16, 1988 ... Craig Anthony Carrington ... and others ... knowingly and intentionally did conspire to distribute five hundred (500) grams or more of a mixture and substance containing cocaine...." At his plea hearing, Carrington specifically denied involvement in the conspiracy in the year 1988:
 
 
 4
 Court: Tell me what you did that makes you believe you are guilty of the conspiracy as charged in Count I?
 
 
 5
 Carrington: With--conspiracy to distribute 500 grams of cocaine.
 
 
 6
 Court: Well, first, did this take place during '87 and up to April of 1988?
 
 
 7
 Carrington: During '87.
 
 
 8
 Court: Pardon?
 
 
 9
 Carrington: During '87.
 
 
 10
 Court: During '87....
 
 
 11
 However, Carrington specifically admitted that, in the time he was part of the conspiracy at least 500 grams were involved:
 
 
 12
 Carrington: Well, it was--it was 250 grams when it started. 250 grams of cocaine.
 
 
 13
 Court: Well, what about it?
 
 
 14
 Carrington: I was involved in the sales with that 250 grams of cocaine with Steve Ward and Terry Kohl.
 
 
 15
 Court: Okay. And did you have a plan or agreement involving more than that?
 
 
 16
 Carrington: Not at that time, Your Honor.
 
 
 17
 Court: Well, did you later, or at some other time? You indicated you wanted to plead guilty to the charge of distributing 500 grams or more, so.
 
 
 18
 Carrington: Yes, Your Honor.
 
 
 19
 Court: Did you introduce them in order to carry on this cocaine business?
 
 
 20
 Carrington: Yes. I'll say yes.
 
 
 21
 Court: And it involved over 500 grams?
 
 
 22
 Carrington: Yes, Your Honor.
 
 
 23
 On September 24, 1990, Carrington filed a motion to withdraw his guilty plea on the ground that newly discovered evidence was available to him. Carrington argued that evidence indicating the existence of several smaller conspiracies, rather than the one larger conspiracy charged in the indictment, became available to him prior to sentencing. The motion was denied. Carrington filed a motion to re-consider based on the testimony of Carrington's co-conspirators and certain statements of the trial judge at sentencing. This motion was also denied.
 
 
 24
 We review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Turner, 898 F.2d 705, 713 (9th Cir.1990).
 
 
 25
 Under Federal Rule of Criminal Procedure 32(d), if a motion for withdrawal of a plea of guilty "is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." The defendant has no inherent right to withdraw his plea absent such a showing. United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987) (citing United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985)). The discovery of new evidence can constitute a fair and just reason. See id. at 1070.
 
 
 26
 In the present case, Carrington points to no evidence that was unavailable to him before he entered his guilty plea. Reading all the evidence in the light most favorable to him, the most it indicates is that his involvement in the conspiracy ended sometime in 1987. This is exactly what he admitted to in his plea colloquy.[1] Carrington points to no evidence that casts even remote doubt on the fact that he was involved in the distribution of 500 grams.
 
 
 27
 In light of the absence of any relevant new evidence, Carrington's motion rests on nothing more than "a change of heart." This alone is insufficient grounds for a withdrawal. Rios-Ortiz, 830 F.2d at 1070. We find that the district judge did not abuse his discretion by refusing to permit withdrawal of the plea.
 
 II
 
 28
 Carrington next argues that he was improperly sentenced under the Sentencing Guidelines, because the evidence indicates that his involvement in the conspiracy ended before November 1, 1987, the effective date of the Guidelines. We find this argument meritless.
 
 
 29
 Although he was repeatedly warned, in the plea colloquy as well as at sentencing, that the court considered this case to be governed by the Guidelines, Carrington did not object. Because Carrington failed to object to the judge's factual finding that "there was some involvement, it seems to me, from the beginning here until the end," we review for plain error. See United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990).
 
 
 30
 There is more than ample evidence in the record that Carrington's involvement with the conspiracy continued into November and December 1987. First, there was no evidence presented that Carrington ever actually withdrew from the conspiracy that lasted well into 1988. Second, although Carrington himself had made an effort to indicate that he was not involved in the conspiracy in 1988, he never indicated he was not involved in it in November or December of 1987. Third, Steven Ward specifically repudiated the affidavit in which he claimed that Carrington "was not involved in the drug conspiracy for a number of months before my arrest in April, 1988." Fourth, phone logs indicated that calls were being made from Carrington's parents' home to the co-conspirators as late as March 1988. In light of the support for the district judge's finding that Carrington's involvement continued through the end of the conspiracy, we do not find plain error. Carrington was properly sentenced under the Guidelines.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In any event, the date specified in the indictment is relevant only if the statute of limitations is implicated or if the defendant makes an affirmative showing of prejudice. United States v. Kayfez, 1992 U.S.App. LEXIS 2172 (9th Cir. Feb. 21, 1992)