8 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Saragosa JIMENEZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 93-35089, 93-35090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 1, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Saragosa Jimenez was charged with two counts of drug-related crimes in a multi-defendant, multi-count superseding indictment in February, 1988. On April 20, 1989, he pleaded guilty to one count of possession with intent to distribute less than a gram of cocaine, and in November of that year he was accordingly sentenced to twelve years in prison and three years of special parole. That sentence was later reduced to eight years in prison, with the three years of special parole commuted to three years of supervised release.
 
 
 3
 In the first of these two appeals, Jimenez challenges the district court's summary denial of his 28 U.S.C. § 2255 motion to withdraw his guilty plea. In the second appeal, appearing pro se, he seeks "clarification" of the district court's order granting his motion for reconsideration of his earlier motion for sentence reduction. We affirm in both appeals.
 
 
 4
 * Appellant first moved to withdraw his guilty plea on October 23, 1989, at a pre-sentencing status hearing. He renewed that motion in writing on November 2, 1989, and the district court denied it on November 3, 1989. Appellant then filed a § 2255 motion in June of 1992, challenging the district court's handling of his 1989 motion to withdraw, and once again seeking to withdraw his guilty plea. The court denied the § 2255 motion on November 23, 1992, approximately three years after his original sentencing.
 
 
 5
 In his § 2255 motion, appellant contended that he wanted to withdraw his plea immediately after it was entered but that his counsel had refused to do so, thereby providing him with ineffective assistance of counsel. He also contended that in November of 1989, the district court improperly applied the post-sentencing standard of United States v. Hoyos, 892 F.2d 1387 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990), under which a motion to withdraw a guilty plea should only be granted if failure to do so would result in "manifest injustice." Jimenez argued that because he wished to withdraw his plea earlier than he did, the court should have applied the more lenient "any fair and just reason" standard of Rule 32. Attached to the motion were various exhibits, including affidavits and correspondence indicating that his counsel at the time had discussions with government counsel about the possibility of his moving to withdraw his plea, that he told his lawyer he wished to withdraw his plea, and that his lawyer advised the court in May of 1989 that he did not wish to withdraw the plea.
 
 
 6
 The district court summarily denied appellant's § 2255 motion. In this appeal, appellant contends that the district court should have granted him a hearing on his contention that his counsel failed to follow his instruction to withdraw his plea. The government responds that an evidentiary hearing was unnecessary because the defendant has not shown any "fair and just reason" for a withdrawal as required by Federal Rule of Criminal Procedure 32. Because he has not shown such a reason, he could not show that his motion would have been granted at any time, regardless of the standard applied. Therefore, he could not show the prejudice required to prevail on an ineffective assistance claim. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 7
 The government is correct that the defendant's § 2255 motion did not establish any "fair and just reason" for a withdrawal. Indeed, from the record it appears that the plea was a very sensible one in the circumstances. Although defendant argues that he "wanted to go to trial," this court has made clear that a mere change of heart does not constitute a "fair and just reason" under Rule 32. U.S. v. Rios-Ortiz, 830 F.2d 1067 (9th Cir.1987).
 
 
 8
 There is nothing in the record to indicate that the appellant would have been permitted to withdraw his plea if he had moved for such withdrawal at an earlier time. Accordingly, there has been no showing of the prejudice requisite to a successful ineffective assistance of counsel claim. In addition, it does not appear that the defendant was prejudiced, even if the district court "improperly" applied the "manifest injustice" standard to his motion as defendant contends.
 
 II
 
 9
 In his pro se proceeding, petitioner argues that when the district court granted his motion for reconsideration of his motion to amend his sentence, it therefore necessarily granted his motion to reduce his sentence an additional year, as well as to change his three years of special parole to supervised release. He therefore appeals the district court's refusal to "clarify" its order. However, it is clear from the record that when Judge Frye granted petitioner's motion for reconsideration, she meant to grant it only insofar as petitioner asked to have his special parole changed to supervised release. Clarification is unnecessary.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3