28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Esteban IBARRA, Defendant-Appellant.
 No. 93-10483.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 13, 1994.*
Decided June 20, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Esteban Ibarra appeals his conviction of conspiracy to possess with the intent to distribute and to distribute heroin and cocaine, in violation of 21 U.S.C. Sec. 846. He contends his guilty plea was not intelligently made and that the plea canvass conducted by the district court did not conform to Rule 11. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 On February 17, 1993, Ibarra, pursuant to a plea agreement, pled guilty to Count 1 of an indictment charging him with 12 counts in connection with a cocaine and heroin conspiracy allegedly involving Ibarra and two relatives. The evidence against Ibarra included video and audiotape recordings of drug transactions between him and law enforcement informants.
 
 
 4
 On June 7, 1993, after receiving the presentence report and a letter informing him that his codefendants might refuse to testify against him, Ibarra moved to withdraw his guilty plea. On July 12, 1993, the district court denied Ibarra's motion to withdraw his plea, and sentenced Ibarra to sixty-three months in prison.
 
 A. Denial of Motion to Withdraw Plea
 
 5
 Ibarra contends the district court erred in refusing to grant his motion to withdraw his guilty plea. Ibarra moved to withdraw his plea before sentencing, more than three-and-a-half months after he entered it. The court denied the motion, finding that Ibarra had freely and voluntarily entered his plea.[1]
 
 
 6
 A defendant does not have an absolute right to withdraw his guilty plea, and the decision whether to allow him to do so is within the sound discretion of the trial court. United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988); Rios-Ortiz, 830 F.2d at 1069. A district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any fair and just reason. Fed.R.Crim.P. 32(d).
 
 
 7
 Ibarra contends that he should be allowed to withdraw his plea because he was not aware that he would be sentenced under the minimum mandatory five-year statute because of his codefendants' conduct. However, the record does not support his contention. At the change of plea hearing, the court told Ibarra that the crime to which he was pleading guilty was conspiracy to distribute cocaine and heroin in the amount of more than 100 grams. The record also shows that the district court informed Ibarra on five separate occasions of the mandatory minimum sentence for the crime. In one exchange, the court specifically asked:
 
 
 8
 THE COURT: And what's the mandatory minimum under the statute that you could face here and that you will face?
 
 
 9
 THE DEFENDANT: Five years.
 
 
 10
 THE COURT: All right. So you know I have to impose a sentence of imprisonment of at least five years?
 
 
 11
 THE DEFENDANT: Yes.
 
 
 12
 Furthermore, the 12-page plea agreement, which Ibarra testified that he signed and understood after it was read to him by a Spanish-language interpreter, also states that the minimum sentence for the crime to which he was pleading guilty was five years, and the maximum, forty years.[2] Finally, the court told Ibarra that he could not withdraw his guilty plea once the court accepted it, and Ibarra said he understood that. On this record, the court did not abuse its discretion in denying Ibarra's motion to withdraw his plea.
 
 B. Alleged Rule 11 Violations
 
 13
 Ibarra next argues that the plea colloquy between himself and the court failed to conform to the requirements of Rule 11 of the Federal Rules of Criminal Procedure. To determine whether a district court has complied with Rules 11(c)(2)-(5), " '[t]he test on appeal is whether, looking at the total circumstances surroundign the plea, the defendant was informed of his or her rights.' " United States v. Lovett, 844 F.2d 487 (7th Cir.1988) (citations omitted); see Fed.R.Crim.P. 11(c) (advisory committee note) (1974). The record clearly demonstrates that Ibarra understood and waived his rights, and that his plea was made freely and voluntarily.
 
 1. Right to Trial by Jury
 
 14
 During the change of plea hearing, the district court twice asked Ibarra if he understood that he was waiving his right to a jury trial. Both times, Ibarra answered, "Yes." Ibarra contends that the district court committed reversible error by failing to ask him whether he knew he had the right to a jury trial. However, Rule 11 is "not to be read as requiring a litany or other ritual which can be carried out only by word-for-word adherence to a set 'script.' " Fed.R.Crim.P. 11(h) (advisory committee notes) (1983). Here, the record indicates that Ibarra knew he had a right to a jury trial, given the court's questions and his responses.
 
 2. Right to Persist in Guilty Plea
 
 15
 Ibarra also contends that the district court failed to comply with Rule 11(c)(3) when it did not inform him that he had a right to persist in his plea of not guilty.[3] While the court should have told Ibarra specifically that he had the right to persist in his not guilty plea, after reviewing the Rule 11 transcript in its entirety, we find this error harmless. Fed.R.Crim.P. 11(h).
 
 
 16
 The purpose behind Rule 11(c)(3) was to ensure that a defendant knows that he has the Fifth Amendment right not to incriminate himself. See Fed.R.Crim.P. 11(c)(3) (advisory committee note) (1974). Here, the court informed Ibarra during the plea canvass that he had a privilege against self-incrimination.
 
 
 17
 The record also shows that Ibarra knew he had the right to persist in pleading not guilty, thus making any error in failing to explicitly disclose the right harmless. Cf. United States v. Graibe, 946 F.2d 1428, 1433-34 (9th Cir.1991). At the change of plea hearing, the court told Ibarra that if he chose to go to trial, he would have a right to testify on his own behalf, and if he declined to testify at trial, this could not be held against him. On two occasions, the court informed Ibarra that by pleading guilty, he was waiving his right to a jury trial. The court also told Ibarra of the other trial rights he would forego as a direct consequence of his guilty plea. The district court addressed the defendant personally, and the defendant stated he understood what the court had told him.
 
 
 18
 This colloquy shows that Ibarra "was fully informed, in substance, that he had a right to plead not guilty or to persist in the plea of not guilty.... The court's detailed explanation of the rights attendant to a jury trial ... indicate that [the defendant] was aware of his right to persist in his plea of not guilty." Lovett, 844 F.2d at 491 (quoting United States v. Ray, 828 F.2d 399, 414 (7th Cir.1987)). Looking at the Rule 11 transcript as a whole, we find that the court's failure to tell Ibarra specifically that he had the right to persist in his not guilty plea was harmless.
 
 3. Factual Basis for Guilty Plea
 
 19
 Ibarra next contends that the plea must be vacated because the court did not make "such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f). Specifically, he contends that there was insufficient evidence to link him to a conspiracy to distribute drugs. We disagree.
 
 
 20
 At the change of plea hearing, Ibarra admitted that he had sold cocaine to a government informant, and that he had an agreement with his coconspirators to sell cocaine. Ibarra also admitted that he participated in a discussion with his coconspirators to sell heroin. He responded in the affirmative when asked whether the amounts of heroin and cocaine set forth in the plea agreement were accurate. The court detailed each of the elements of the crime to which Ibarra was pleading guilty: conspiracy to distribute cocaine and heroin in the amount of more than 100 grams. On this record, there was a factual basis for the plea.
 
 
 21
 The defendant's other contentions raised on appeal are without merit.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court found that the reason for Ibarra's change of plea was a "classic case of ... a change of heart." This court has held that a change of heart is an insufficient justification to withdraw one's guilty plea. United States v. Rios-Ortiz, 830 F.2d 1067, 1070 (9th Cir.1987)
 The district court also found that the plea agreement between Ibarra and the government was a "relatively favorable agreement ... looking at [the] ... substantial involvement of the defendant in this criminal activity, [it's] virtually the minimum that would be required under the statute."
 
 
 [2]
 The plea agreement also stated that the conspiracy Ibarra was a participant in involved 100.86 grams of heroin, and 56.8 grams of cocaine
 
 
 [3]
 Rule 11(c)(3) states that the district court should advise the defendant that he has the right "to plead not guilty or to persist in that plea if it has already been made."