53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John M. RACICH, Defendant-Appellant.
 No. 94-50347.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1995.
Decided May 1, 1995.
 
 Before: McKay,* REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 John M. Racich was stopped by two Tijuana police officers while traveling in Mexico. Upon discovering that he had a loaded gun in his vehicle, the officers advised him that he was under arrest for possession of a firearm but, according to Racich, eventually agreed to a bribe of $1400 for not charging him with a criminal offense. Also, according to Racich, the officers initially refused to return his gun, although they offered to do so if he would pay them additional money.
 
 
 3
 The remainder of the facts are agreed to by all concerned. Racich returned to the United States, withdrew money from an ATM machine, and purchased WD-40, a bottle of Gatorade, a large coffee cup, and a lighter from a nearby 7-11. He then fashioned three Molotov cocktails out of these materials. Upon returning to Mexico, Racich gave a bribe to one of the two officers, and the officer returned the gun to him. Racich then doused both officers, who were sitting in their car, with gasoline, set them on fire with his cigarette lighter, and fled in his truck. As Racich attempted to cross the border, the Mexican police fired at him to prevent him from escaping. When Racich was arrested at the border by United States agents, he told them what had happened, starting with the seizure of his gun by the Tijuana police.
 
 
 4
 Racich was indicted for (1) unlawful exportation of defense articles in violation of 26 U.S.C. Sec. 2778, (2) unlawful manufacture of firearms in violation of 26 U.S.C. Sec. 5822, and (2) illegal importation of a firearm in violation of 18 U.S.C. Sec. 922(1). He pled guilty to Count 2 and was sentenced to ten years of imprisonment and three years of supervised release.
 
 ANALYSIS
 
 5
 Racich raises several issues on appeal. First, he appeals the district court's decision denying his request for a downward departure. We are precluded from addressing this issue because the district court's decision to depart downwardly is a discretionary one that is not reviewable on appeal. See United States v. Morales, 898 F.2d 99, 103 (9th Cir. 1990).
 
 
 6
 Second, Racich appeals the district court's denial of his motion to withdraw his guilty plea. District judges have broad discretion to deny such motions. See, e.g., United States v. Snider, 976 F.2d 1249 (9th Cir. 1992); United States v. Rios-Ortiz, 830 F.2d 1067 (9th Cir. 1987). We have reviewed the reasons Racich advanced as a justification for his request and cannot say that the district court erred in concluding that they were insufficient. Accordingly, we affirm the district court's denial of the motion.
 
 
 7
 The third question is whether Racich's foreign conduct can be considered for purposes of making adjustments to the defendant's offense level. Under the Guidelines, for the purposes of chapter three adjustments, a district court may consider "all harm that resulted from the [defendant's] acts ... and all harm that was the object of such acts ...." U.S.S.G. Sec. 1B1.3(a)(3) (emphasis added); cf. U.S.S.G. Sec. 1G1.4 ("In determining the sentence to impose within the guidelines range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." (emphases added)). Racich cites no persuasive authority in support of his contention that his foreign conduct should not be considered and, in light of the broad language of the Guidelines, we conclude that the district court did not err in considering that conduct when making the adjustments.[1]
 
 
 8
 Fourth, Racich contends that, even if the district court properly considered foreign conduct in sentencing him, it erred in imposing several adjustments which, taken together, increased his base offense level to 39. The district court increased the offense level by two levels because, after being informed of an impending search of his motel room, Racich called his wife and instructed her to go to the room and remove and destroy his belongings. Racich questions whether that action may be the basis for a two-level increase for obstruction of justice.
 
 
 9
 A district court may increase a defendant's offense level by two levels if it determines that the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing" of the offense of conviction. U.S.S.G. Sec. 3C1.1. Under Application Note 3 of that section, "directing or procuring another person to destroy or conceal evidence that is material to an official investigation" constitutes obstructing or impeding for purposes of section 3C1.1. Application Note 5 defines material evidence as any "fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." The record reveals that among the evidence that Racich asked his wife to destroy was physical evidence that tended to establish drug use. Such evidence could assist a judge in determining whether to grant his requested departure for diminished capacity under Sec. 5K2.13. See U.S.S.G. Sec. 5K2.13 (stating that a diminished capacity departure is unavailable if a defendant's capacity is impaired by his voluntary use of drugs). Because Racich attempted to conceal evidence material to a sentencing issue, we affirm the two-level adjustment.[2]
 
 
 10
 Finally, Racich raises two points that are not without difficulty. He contests the district court's decision to impose a three-point official victim adjustment under Sec. 3A1.2, principally on the ground that the victims in question were foreign officials. He also argues that the district court erred in imposing an adjustment for reckless endangerment because, he says, it was the reckless behavior of the Mexican officials, rather than his flight, that endangered persons at the San Ysidro port of entry and the United States inspection booths.
 
 
 11
 While it is a close question whether the district judge properly granted the official victim and reckless endangerment adjustments, we need not reach the merits of Racich's contentions since, even if we were to conclude that the district court erred in giving both adjustments, Racich still would receive the same ten-year statutory maximum sentence that the district court imposed upon him. If Racich's offense level were decreased by five points (three for the official victim adjustment and two for the reckless endangerment adjustment), his reduced offense level would be 34, and the revised applicable sentencing range would be 151-188 months. Thus, the guideline minimum would still be well in excess of the ten-year maximum sentence provided for by statute. When, as here, the minimum of the applicable guideline range exceeds the statutory maximum, U.S.S.G. Sec. 5G1.1 requires a district court to impose the statutory maximum sentence. Thus, whatever our decision regarding the official victim and reckless endangerment adjustments, Racich would receive a ten-year sentence. Accordingly, any error that might have occurred would be harmless. We therefore affirm Racich's sentence.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Monroe G. McKay, Senior Circuit Judge for the Tenth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 With regard to the district court's decision to increase the offense level based upon the extreme nature of his conduct, Racich only contests the decision by the district court to base that increase upon his activities across the border; he provides no other argument for challenging it. Accordingly, because we conclude that the district court did not err in basing this increase upon conduct that took place in Mexico, we affirm its decision
 
 
 [2]
 Because we conclude that the district court did not err in adjusting Racich's offense level for obstructing justice, we also affirm the district court's decision to deny Racich's motion for a two-point reduction based upon his acceptance of responsibility under U.S.S.G. Sec. 3E1.1. This case does not represent one of those "extraordinary cases" justifying both an increase for obstructing justice and a decrease for accepting responsibility. U.S.S.G. Sec. 3E1.1 Application Note 4; see also United States v. Rafferty, 911 F.2d 227, 231 (9th Cir. 1990). Moreover, the defendant minimized the seriousness of his offense throughout the proceedings. See, e.g. United States v. Sanchez, 908 F.2d 1443, 1451 (9th Cir. 1990)