82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dean L. PETERSON, Defendant-Appellant.
 No. 95-30163.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 1
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Dean L. Peterson appeals his conviction following a guilty plea to conspiracy to distribute cocaine base and conspiracy to possess with intent to distribute over five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Peterson contends that his guilty plea was involuntary because he feared serving the maximum penalty if he proceeded to trial. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995), and affirm.
 
 
 4
 A defendant has no legal right to withdraw his guilty plea. Id. However, the district court may use its discretion to allow a defendant who demonstrates a "fair and just reason" to withdraw his guilty plea before sentencing. See Fed.R.Crim.P. 32(d); Alber, 56 F.3d at 1111. Fair and just reasons for withdrawing a guilty plea include inadequate Rule 11 proceedings, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. See United States v. Turner, 898 F.2d 705, 713 (9th Cir.), cert. denied, 495 U.S. 962 (1990); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987). We have consistently rejected the defendant's change of heart and unsupported protests of innocence as fair and just reasons for withdrawal. See Turner, 898 F.2d at 713; Rios-Ortiz, 830 F.2d at 1069.
 
 
 5
 Here, Peterson contends that his guilty plea was not voluntary and intelligent because he was afraid when he entered the plea. Peterson admitted his guilt under oath at the Rule 11 hearing. During the sentencing hearing, Peterson described his crimes to the court, in detail, admitted guilt again, apologized for his actions, and stated that being sentenced would be a valuable lesson for him. Peterson does not challenge the adequacy of the Rule 11 proceeding or allege any other fair and just reason for withdrawal. Therefore, his change of heart and unsupported protestations of innocence do not warrant withdrawal of his guilty plea. See Turner, 898 F.2d at 713; Rios-Ortiz, 830 F.2d at 1069.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3