**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5014

AARON DARRYL THOMAS, a/k/a "A,"
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5226

AARON DARRYL THOMAS, a/k/a "A,"
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge;
Robert G. Doumar, Senior District Judge.
(CR-94-69-N)

Argued: May 9, 1996

Decided: May 29, 1996

Before WIDENER, NEIMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sterling Harrisbe Weaver, Sr., WEAVER LAW OFFICES, Portsmouth, Virginia, for Appellant. Kevin Michael Comstock, Assistant United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The single issue raised in this case is whether the district court abused its discretion in refusing to permit Aaron Darryl Thomas to withdraw his guilty plea. Finding that the court did not err, we affirm.

I.

Thomas, along with four other defendants, was charged in a multi-count indictment with, <u>inter alia</u>, engaging in a continuing criminal enterprise, money laundering, and numerous drug related offenses. J.A. 30-85. At his arraignment on May 25, 1994, Thomas pled not guilty to all charges and demanded a jury trial; he was represented by court-appointed counsel, Larry Shelton, at the arraignment. J.A. 6-7. On June 10, 1994, Shelton was forced to withdraw as Thomas' counsel because of a conflict of interest. J.A. 10-11. Duncan St. Clair was appointed by the court in Shelton's place. J.A. 11.

On July 22, 1994, a Rule 11 hearing was held and Thomas asked to change his plea from not guilty to guilty on several of the counts in the indictment. J.A. 18-19. Before accepting Thomas' plea, the district court extensively questioned Thomas as to whether he understood the charges and the consequences of pleading guilty. J.A. 186-

2

217, 241-275. At one point, Thomas expressed confusion about the proceedings and asked to be allowed to discuss the matter with his attorney, St. Clair. J.A. 216. The court agreed and recessed the hearing so that Thomas could confer with his counsel. J.A. 217. When Thomas returned, the court asked if he "still wanted to plead". Thomas twice responded, "Yes, Sir." J.A. 241. The court then continued to question Thomas as to his understanding of what he was doing. J.A. 241-271. The court went beyond rote questioning, extensively inquiring to ensure that Thomas understood the consequences of pleading guilty. Id. Only then did the court accept Thomas' guilty plea. J.A. 272.

On September 9, 1994, the court received a letter from Thomas' girlfriend in which she indicated that Thomas wanted to withdraw his guilty plea. J.A. 408-411, 752. On October 14, 1994, Andrew Michael Sacks was substituted as counsel for Thomas. J.A. 22. The court held a hearing on Thomas' motion to withdraw his guilty plea on December 14-15, 1994. J.A. 279-769. At the hearing, Thomas contended that St. Clair had not provided him with adequate assistance of counsel but had pressured him into pleading guilty without considering his possible defenses. J.A. 396-402.

The court heard testimony from Thomas, Shelton, St. Clair and a federal agent. Thomas testified to St. Clair's inadequate representation, including his allegation that St. Clair did not meet with him to discuss defenses and had advised him that he would receive a lenient sentence. J.A. 396-405. In contrast, St. Clair testified that he did discuss defenses with Thomas on numerous occasions, J.A. 540-541, and that, in the face of the government's overwhelming evidence he determined it to be in Thomas's best interest to plead guilty. J.A. 544, 557. St. Clair also testified that he did not mislead Thomas about the sentence he faced. J.A. 558-560.

Thomas testified that he attempted to withdraw his plea the day after it was entered. J.A. 405. He also testified that he had "a defense" and could provide witnesses to support his claim, J.A. 344, and that he was not guilty of the crimes charged. J.A. 483. However, when the court closely scrutinized Thomas as to the names of the witnesses and the substance of their testimony, it became clear that Thomas did not

3

have the evidence to support a defense, let alone to establish his innocence. J.A. 344-94.

At the conclusion of the hearing, the court determined that Thomas "was not worthy of belief." J.A. 757. The court found that Thomas had not, in fact, attempted to withdraw his plea right away but had waited until September 9, over a month after he had entered into the plea. J.A. 752. The court further found that St. Clair had "fully advised" Thomas, providing him with adequate assistance of counsel. J.A. 763. Therefore, the court denied Thomas's motion to withdraw his guilty plea. Id.

II.

A defendant has no absolute right to withdraw a guilty plea. United States v. Rios-Ortiz, 830 F.2d 1067 (9th Cir. 1987). Instead, the district court has discretion as to whether to permit the withdrawal based on a defendant's showing of "any fair and just reason." Fed. R. Crim. P. 32(d). The court must balance the following factors:

> First, whether the defendant has offered credible evidence that his plea was not knowing and voluntary.
>
> Second, whether the defendant has credibly asserted his innocence.
>
> Third, whether there has been a delay between the entering of the plea and the filing of the motion.
>
> Fourth, whether the defendant has had close assistance of competent counsel.
>
> Fifth, whether withdrawal will cause prejudice to the government.
>
> Sixth, whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991).

Examination of these factors reveals that the district court did not abuse its discretion in denying Thomas's request to withdraw his guilty plea. First, the district court examined whether Thomas's plea was knowing and voluntary. The court found that Thomas was "an intelligent, articulate, scheming, streetwise individual who knew exactly what he was doing and had a thorough awareness of exactly what charges were against him and what his position was." J.A. 757. The district court heard the testimony first-hand; we are in no position to second-guess its assessment.

Second, the court did not believe that Thomas had credibly asserted his innocence. At great length, the court inquired as to any defenses Thomas might have. J.A. 344-394. Thomas's main argument was that his parents would testify that he would not have done the crimes, but the court examined the nature of the possible testimony and found that Thomas had not asserted a credible defense, let alone credibly asserted his innocence. J.A. 761.

As to the third issue, the court found that Thomas had not asked to withdraw his plea immediately but had waited from July 22 until September 9 before attempting to withdraw his plea, a substantial period of time. J.A. 752. Fourth, the court found that St. Clair provided Thomas with competent assistance and that Thomas was fully advised of his situation before pleading guilty. J.A. 763.

As to the fifth factor, the court noted that it appeared that Thomas had waited for numerous witnesses to disperse (and until his brother also tried to withdraw his plea) before attempting to withdraw the plea. J.A. 758. Allowing him to withdraw his plea would cause prejudice to the government in that it would be forced to gather together all the evidence again. Finally, as to the sixth Moore factor, we have recognized that, in any circumstances, withdrawal of a guilty plea wastes judicial resources "to some extent." United States v. Sparks, 67 F.3d 1145, 1154 n.5 (4th Cir. 1995). Consequently, having determined that the other factors weigh against granting Thomas's motion, we need not assess precisely how much withdrawal of his guilty plea would inconvenience the court. Id. at 1154.

All these findings are, of course, in addition to Thomas's sworn statements during the Rule 11 hearing that he knew what he was

5

doing and did so voluntarily. J.A. 187-217, 241-275. The record reflects that the district court did an exemplary job in both ensuring that Thomas knew what he was doing at the Rule 11 hearing and in ensuring that there was no "fair and just" reason for the withdrawal of the plea at the withdrawal hearing. Accordingly, Thomas's appeal is without merit.

For the foregoing reasons, Thomas's convictions and sentences are

AFFIRMED.