**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan OCHOA–GARCIA, Defendant–**
**Appellant.**

**No. 99–10609.**
**D.C. No. CR–97–00077–DWH.**

United States Court of Appeals,
Ninth Circuit.

Submitted * Feb. 16, 2001.

Decided March 22, 2001.

Before SCHROEDER, Chief Judge,
WALLACE and TALLMAN, Circuit
Judges.

MEMORANDUM **

Juan Ochoa–Garcia pled guilty to the charge of conspiracy to possess with intent to distribute controlled substances and aiding and abetting in violation of 21 U.S.C. §§ 846, 841(a)(1); 841(b)(1)(A)(viii) and 18 U.S.C. § 2. As part of the plea agreement, the government agreed not to pursue the mandatory sentence of life imprisonment under 21 U.S.C. § 851. Subsequently, defendant moved to withdraw his guilty plea

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

alleging that during his sentencing hearing he had problems communicating with his counsel and that his counsel led him to believe that if he entered a guilty plea, he would only serve eight years in prison. In consideration of defendant's motion, the district court heard arguments from the government attorney, a new attorney representing defendant, and also heard directly from defendant. The district court denied the motion and later a sentence of three hundred sixty months in prison was imposed pursuant to defendant's guilty plea.

■ We review the district court's decision to deny defendant's motion to withdraw his guilty plea for abuse of discretion. *See United States v. Rios–Ortiz*, 830 F.2d 1067, 1069 (9th Cir.1987). Under Rule 32(d) of the Federal Rules of Criminal Procedure, a motion for withdrawal of a guilty plea *may* be permitted "upon a showing by the defendant of any fair and just reason." It is well established that a defendant has no right to withdraw his guilty plea, and that the decision to permit or deny withdrawal of a guilty plea remains in the sound discretion of the district court. *United States v. Signori*, 844 F.2d 635, 637 (9th Cir.1988) (citing cases).

■ The record demonstrates that the district court conducted a careful canvass of defendant's understanding of the consequences of his actions before accepting his guilty plea. The district court also gave appropriate consideration of defendant's arguments in support of his motion to withdraw his plea. The district court's finding that defendant failed to meet his burden of establishing a "fair and just reason" was not an abuse of discretion. *See id.* at 639 (noting the great pains taken by the district court to explain to the defendant his rights and the consequences of pleading guilty, and to ascertain that he understood those rights). Accordingly, the district court did not err in denying Ochoa–Garcia's motion to withdraw his guilty plea.

AFFIRMED.