UNITED STATES of America,
Plaintiff—Appellee,

v.

Ariel ORTIZ, Defendant—Appellant.

No. 01–10048.

D.C. No. CR–99–00277–HDM/RJJ.

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2002.*

Decided May 7, 2002.

Before SCHROEDER, Chief Judge, B. FLETCHER and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Ortiz's plea agreement indicated that the government would recommend the "safety valve" reduction if he were eligible pursuant to U.S. Sentencing Guideline Manual § 5C1.2, even though Ortiz was clearly ineligible because he pleaded guilty to possessing a firearm at the time of his offense. *See id.* § 5C1.2(a)(2) (safety valve is not available when a defendant "possess[es] a firearm or other dangerous weapon ... in connection with the offense"). Such representations, even when conditioned on eligibility, inappropriately "encourage [the de-fendant] to believe that the safety valve would apply in his case." *United States v. Nelson,* 222 F.3d 545, 549 (9th Cir.2000).

We have, however, "repeatedly held that the decision to permit or deny withdrawal of a guilty plea is within the district court's sound discretion." *United States v. Rios–Ortiz,* 830 F.2d 1067, 1069 (9th Cir.1987). Although it should have taken greater care to ensure that Ortiz was not misled by his plea agreement, the district court did not abuse its discretion by denying Ortiz's motion to withdraw his guilty plea. The plea agreement expressly informed Ortiz that the government would recommend a safety valve reduction only if Ortiz would have been eligible, and the district court reiterated that requirement several times during the plea colloquy. Furthermore, as the district court correctly determined, Ortiz was ineligible for the safety valve treatment even if he had not pleaded guilty to firearm possession, because he played a leadership role in the commission of the crime. *See* U.S. Sentencing Guidelines Manual § 5C1.2(a)(4) (safety valve is not available when a defendant is "an organizer, leader, manager, or supervisor of others in the offense").

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.