**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Melvin FOSTER, Defendant—
Appellant.**

No. 01–16079.

D.C. No. CV–99–00901–PMP
CR–95–00263–1–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2002.

Decided July 1, 2002.

Before GOODWIN, HAWKINS and
FISHER, Circuit Judges.

### MEMORANDUM *

Melvin Foster claims the district court abused its discretion in denying his motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 32(e). Because Foster did not present the district court with a "fair and just reason" for withdrawal, we affirm.

The district court's finding that Foster's guilty plea was voluntary is abundantly supported by the record. Indeed, on appeal, Foster concedes that he was never threatened or coerced into pleading guilty. Instead, he claims that, because he pled guilty in exchange for a promise of prosecutorial leniency towards his mother, he should have been allowed subsequently to withdraw his plea. A district court is not required to permit withdrawal merely because the defendant has changed his mind. *United States v. Rios-Ortiz*, 830 F.2d

1067, 1069–70 (9th Cir.1987). Yet that is essentially what Foster sought to do—he asserted in his original motion to withdraw his plea that "the fact that [Foster] wishes to present a defense to the charges alleged against him constitutes a prima facie case for ... a fair and just reason." The district court did not abuse its discretion in rejecting this argument.

Foster now urges us to adopt a *per se* rule that any defendant who pleads guilty in order to protect a family member from prosecution should necessarily qualify for withdrawal under Rule 32(e). Such a rule is at odds with the broad discretion we afford a district court in deciding a Rule 32(e) motion. *Id.* at 1070. We decline to adopt it. Moreover, nothing in the record persuades us that simply because Foster recalculated in his mind the worth of obtaining assurances from the government that it would not prosecute his mother, that was a sufficiently fair and just reason to withdraw his plea under Rule 32(e).

AFFIRMED.