UNITED STATES of America, Plaintiff—Appellee,

v.

Donald D. BAILEY, Defendant— Appellant.

No. 01–10667.

D.C. No. CR 97–676 TUC–FRZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Nov. 4, 2002.

Before TASHIMA, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM *

Donald D. Bailey appeals his conviction following a guilty plea, pursuant to a plea agreement, to one count of filing a false tax return in violation of 26 U.S.C. § 7206(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Bailey contends that, because he is actually innocent, the district court erred in denying his motion to withdraw his guilty plea before sentencing. We review the district court's decision to deny a defendant's motion to withdraw a guilty plea for abuse of discretion. *United States v. Rios–Ortiz,* 830 F.2d 1067, 1069 (9th Cir. 1987). A district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of any fair and just reason. Fed. R. Crim P.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

32(d). A defendant has no absolute right to withdraw his guilty plea. *United States v. Signori,* 844 F.2d 635, 637 (9th Cir. 1988). Rather, a motion to withdraw is committed to the sound discretion of the district court. *Id.* Although Bailey testified at the evidentiary hearing on the motion that he was actually innocent, the district court found his testimony not credible. Because the district court found the facts against Bailey, and those findings are not clearly erroneous, we conclude that the district court did not abuse its discretion in denying Bailey's motion to withdraw his guilty plea based on a claim of actual innocence. *See United States v. Snider,* 976 F.2d 1249, 1251 (9th Cir.1992) (reviewing credibility determinations for clear error); *Rios–Ortiz,* 830 F.2d at 1070 ("[T]his court has not overturned a denial of a motion to withdraw a guilty plea absent something more than the defendant's change of mind.").

Bailey also contends that the district court erred in rejecting his claim that a fee dispute with his attorneys created a conflict of interest and resulted in ineffective assistance of counsel. We review ineffective assistance of counsel claims de novo. *United States v. Sager,* 227 F.3d 1138, 1149 (9th Cir.2000). When a defendant claims ineffective assistance based on a conflict of interest, the defendant must establish that "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Bailey presented no evidence that his attorneys were not prepared to defend Bailey vigorously at trial. We conclude that Bailey has not carried his burden of showing that the fee dispute with his attorneys adversely affected his representation. *See Mickens v. Taylor,* 535 U.S. 162, 122 S.Ct. 1237, 1244 n. 5, 152 L.Ed.2d 291 (2002) ("An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance."). The district court's denial of Bailey's motion to withdraw his guilty plea was not an abuse of discretion.

The judgment of conviction is

AFFIRMED.