**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anastasio ALARCON–MARTINEZ,**
**Defendant–Appellant.**

**No. 01–10381.**

**D.C. No. CR–00–00464–EHC.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER and SILVERMAN, Circuit Judges.

MEMORANDUM**

Anastasio Alarcon–Martinez appeals his jury conviction and seventy-one month sentence for illegal reentry and attempted reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Alarcon–Martinez first contends that the district court erred when it granted his request to withdraw from his guilty plea and to appoint new counsel. We review for abuse of discretion and find none. *See United States v. Rios–Ortiz,* 830 F.2d 1067, 1069 (9th Cir.1987). The record reveals that Alarcon–Martinez identified several fair and just reasons for seeking to withdraw from his plea agreement. *See Id.*

Second, Alarcon–Martinez argues that the district court improperly participated in discussions about the plea agreement in violation of Fed.R.Crim.P. 11(e)(1)(C). A review of the record reveals that the district court repeatedly told Alarcon–Martinez that it was his decision whether to proceed with the plea agreement and that it did not pressure Alarcon–Martinez into pleading guilty. *See United States v. Andrade–Larrios,* 39 F.3d 986, 989 (9th Cir. 1994) (stating that the essential inquiry this court should undertake is whether "the judge pressures the defendant into taking the deal"); *see also United States v. Frank,* 36 F.3d 898, 903 (9th Cir.1994) (stating that Rule 11(e) does not permit encouragement or threats to obtain pleas of guilty).

Finally, Alarcon–Martinez argues that the superceding indictment was deficient because it failed to alleged specific intent in the attempt charge. *See United States v. Gracidas–Ulibarry,* 231 F.3d 1188 (9th Cir.2000) (en banc). Because Alarcon–Martinez did not challenge the superceding indictment before trial, we review for plain error. *See United States v. Velasco–Medina,* 305 F.3d 839, 846–47 (9th Cir. 2002). Absent prejudice to the accused, the conviction may not be reversed for any

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

omission in the indictment. *Id.* at 847. Alarcon–Martinez had notice of the elements of the attempt charge and was not prejudiced by the language in the indictment and thus, no basis for reversal exists. *See Id.*

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.