**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eti MAMEA, Defendant—Appellant.**

**No. 03–10118.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2004.

Decided June 15, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Beverly Wee Sameshima, AUSA, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Beverly Wee Sameshima, AUSA, Office of the U.S. Attorney, Michael G.M. Ostendorp, Attorney at Law, Honolulu, HI, for Defendant–Appellant.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Defendant Eti Mamea appeals his 235–month sentence of imprisonment for aiding and abetting in the possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

In order to comply with Fed.R.Crim.P. 11(b)(1)(G) the district court must advise the defendant of the elements of the charge and must ensure that the defendant understands them. *United States v. Minore,* 292 F.3d 1109, 1115 (9th Cir.2002). The district court judge conducted a thorough and complete Rule 11 colloquy. Mamea was twice informed of all elements of the charge against him. Mamea affirmed that he understood the charges against him.

Rule 11(b)(3) requires the judge to determine there is a factual basis for the guilty plea before entering the judgment. Mamea told the judge that he planned to give the drugs to somebody else to sell. "A defendant need not actually sell drugs to aid and abet in their distribution. Rather, it is enough that the defendant associate with the criminal venture, participate in it, and seek by actions to make it succeed." *United States v. Savinovich,* 845 F.2d 834, 838 (9th Cir.1988) (citations omitted). After the prosecutor detailed Mamea's involvement in the crime, the judge asked Mamea if anything the prosecutor had said was not correct, to which Mamea replied "No." There were no Rule 11 violations in the colloquy below.

"[T]he decision to permit or deny withdrawal of a guilty plea is within the district court's sound discretion ... this court has not overturned a denial of a motion to withdraw a guilty plea absent something more than the defendant's change of mind." *United States v. Rios–Ortiz,* 830 F.2d 1067, 1069–70 (9th Cir.1987) (citations omitted). Given the factual basis for the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plea, the district court did not abuse its discretion in determining that Mamea's attempt to withdraw his guilty plea was based on nothing more than a change of heart.

Mamea contends that his counsel did not inform him of a viable defense and failed to object to the alleged Rule 11 violation. We may address the merits of an ineffective assistance of counsel claim on direct appeal if the record is sufficiently complete. *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir.1991). Both Mamea and his attorney testified regarding counsel's assistance, providing us with a sufficient record to decide the claim.

Given our finding that there was no Rule 11 violation, this ground cannot support an ineffective assistance of counsel claim. It is clear from the testimony below that Mamea's attorney fully informed him of his potential defenses and his likelihood of success at trial. Given the strong case against his client, counsel's recommendation to plead guilty was reasonable strategic advice. *See Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Mamea's insufficiency of the evidence argument is not appropriate in the guilty plea context. The relevant inquiry is whether there is a sufficient factual basis for the plea, which is satisfied.

AFFIRMED.