**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tricia Lee DEY, aka Tricia Lee**
**Barker, Defendant–**
**Appellant.**

No. 00–30281.

D.C. No. CR–00–00063–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 14, 2001.

Before B. FLETCHER, BRUNETTI, and FISHER, Circuit Judges.

MEMORANDUM **

Dey contends that her plea resulted from extreme stress, and was therefore involuntary. She argues further that the court would have recognized the involuntary character of the plea if it had made a more searching inquiry into her state of mind and reasons for pleading guilty. If

---

Dey is correct that her plea was not knowing and voluntary, the waiver contained in her plea agreement would be similarly invalid. *See United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000) ("The sole test of a waiver's validity is whether it was made knowingly and voluntarily."). We must therefore look beyond the mere presence of the waiver, and determine whether the record contains evidence that Dey's plea was involuntary.

Under Fed.R.Crim.P. 32(e), a defendant may seek to withdraw a guilty plea for "any fair and just reason" at any point before imposition of sentence. Lack of voluntariness, in violation of Fed.R.Crim.P. 11(d), would be one such reason. *See United States v. Rios–Ortiz*, 830 F.2d 1067, 1070 (9th Cir.1987). Evidence of mental affliction, moreover, may be sufficient to show lack of voluntariness. *United ed States v. Christensen*, 18 F.3d 822, 826 (9th Cir.1994). However, Dey made no such motion.

Instead, she raises her mental state as an issue for the first time on appeal, arguing that the district court made an insufficient inquiry into her reasons for pleading guilty. The record belies this contention, particularly given that neither Dey nor her attorney raised the issue of her depression, terminated pregnancy and dissolved marriage, or the effect of these stressors on her decision to plead guilty. The court complied with Rule 11(d)'s requirement that it ensure a defendant's guilty plea is "voluntary and not the result of force or threats or of promises apart from a plea agreement." Fed.R.Crim.P. 11(d). Nothing in the record leads us to believe the district court had reason to suspect Dey suffered from mental or emotional instabil-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ity. *Christensen,* 18 F.3d at 826. No more searching inquiry was necessary.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.