**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Karen Tory MANUKIAN, Defendant–
Appellant.**

**No. 00–50295.**

**D.C. No. CR–98–00726–DDP–2.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2001.

Decided Aug. 2, 2001.

Gould, Circuit Judge, dissented and filed opinion.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

## MEMORANDUM *

■ The district court did not clearly err in determining that no affirmative misrepresentation had been made to Karen Manukian regarding the immigration consequences of his plea. Although it is clear that the conversations between the Assistant United States Attorney and the defendant's counsel generated a misunderstanding, the district court engaged in a detailed discussion regarding immigration consequences at the plea colloquy. While there is some debate about what occurred off the record, there is a clear record of the court advising Manukian of the possibility of deportation and Manukian's acknowledgment of such possible consequences. On this record, we cannot say the district court abused its discretion by denying the withdrawal of plea. *See United States v. Castello,* 724 F.2d 813, 815 (9th Cir.1984) (district court entitled to credit defendant's testimony at Rule 11 hearing over her subsequent affidavit).

■ Manukian's argument that a pre-plea chambers conference should have been reported pursuant to Federal Rule of Criminal Procedure 11(g) is without merit. Rule 11(g), by its terms, requires a record

"of the proceedings at which the defendant enters a plea." A chambers conference is simply not such a proceeding.

AFFIRMED.

GOULD, Circuit Judge, dissenting.

Because relief is denied to Appellant Manukian, I respectfully dissent, for in my view "just and fair" reasons existed to permit Appellant to withdraw his prior guilty plea. Fed R.Crim. P. 32(e).

Appellant contends that the Assistant United States Attorney ("AUSA") represented that his plea would create no immigration problems for him. The AUSA acknowledged that he had spoken to the INS about Appellant's case, but said that he told Appellant only that the INS informed him that Appellant's plea would not lead to his mandatory deportation as an aggravated felon. Appellant's plea subjects him to deportation for having committed a crime of moral turpitude.

Doubtless a guilty plea should not be obtained through misrepresentations by the prosecutor. *United States v. Mathews,* 833 F.2d 161, 165 (9th Cir.1987). Here, there is no evidence of any intentional misrepresentation of the AUSA, but there appears to have been a misunderstanding concerning the scope of the AUSA's assurances. Although misrepresentations might compel a court to permit plea withdrawal, the absence of misrepresentation does not compel a conclusion that pleas must stand. Instead, under Rule 32(e) the district court and we must consider if any "just and fair" reasons existed to permit the plea to be withdrawn.

Here, the AUSA agrees that he spoke to the INS and passed along comments of the INS. The AUSA had no duty initially to counsel or inform Appellant about immi-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gration law and the potential impact of his plea on his immigration status. However, once the AUSA went down the path of acting as an intermediary with the INS, I conclude that in fairness the AUSA assumed an obligation not only to be accurate and thorough in providing the INS's legal position, but also to make no omissions of facts material to the Appellant's decision to plead guilty. The record discloses that immigration consequences of a guilty plea were important to Appellant, and this was known by the AUSA who made a specific inquiry with the INS. Statements from the AUSA, even though not a misrepresentation and meant to be helpful, likely affected the position of Appellant in pleading guilty. Because Appellant may have an immigration problem in pleading guilty to a crime of moral turpitude, we confront the question whether the statements of the AUSA, even if not formally representations, provide just and fair grounds for withdrawal of the guilty plea.

Weighing for withdrawal are several points. First, assurances on lack of immigration impact were clearly significant for Appellant. Second, the AUSA, though charged initially with no duty in this respect, thrust himself into the immigration law context by acting as an intermediary between Appellant and the INS. Third, the AUSA did not deny making statements to Appellant about immigration and about the INS's position, though he denied making any representation. Fourth, the request for plea withdrawal was made before sentence and seems to me to have been motivated by a bona fide misunderstanding, and not merely by a concern that a sentence might be more than anticipated. Finally, the government asserted that there would be prejudice because stale evidence and faded memories would make trial difficult. However, there was no concrete evidence presented or suggested demonstrating substantial preju-

dice to the government if it were to proceed to trial. The government remained free to prosecute charges and on this record I conclude there would have been no substantial prejudice to the government if Appellant had been permitted to withdraw his plea before sentencing.

Weighing against withdrawal is the fact that Appellant has acknowledged the basis for his guilty plea in a thorough colloquy under Rule 11 conducted by the conscientious trial judge with assiduous attention to his rights. As part of this colloquy, the district court advised Appellant that there might be immigration consequences to his plea. After conferring with counsel, Appellant responded that he understood. The district court also confirmed with Appellant that there were no representations or promises made other than those under the plea agreement, and again after conferring with counsel, Appellant agreed. If this were the full extent of the record, I would agree with the district court's denial of Appellant's motion.

Normally, I would agree that such a colloquy and the responses of Appellant to the court's specific queries might foreclose a request to withdraw a plea. However, this case presents unusual facts. Before the plea colloquy, there was an in-chambers discussion of counsel for Appellant, the AUSA, and the district judge, which—perhaps inadvertently—was not recorded. I infer from the record that the AUSA had made statements to Appellant that alleviated concerns on the immigration impact of the plea, and the AUSA may not have qualified his statements sufficiently. We have no idea what was said in the unrecorded in-chambers' discussion of counsel and the judge. It remains possible that such conference may have affected the assent of Appellant in the plea colloquy and the puzzling silence of his counsel and the

AUSA when asked if any other representations had been made.

I conclude that under the totality of the unusual circumstances presented here, it is just and fair that the benefit of the doubt be given to Appellant and that his presentence request to withdraw his guilty plea should have been granted.