**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Armen SATAMIAN, Defendant— Appellant.**

**No. 00–50296.**

**D.C. No. CR–98–00726–DDP–3.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2001.

Submission Vacated June 27, 2001.

Resubmitted March 19, 2002.

Decided May 8, 2002.

Gould, Circuit Judge, concurred in part and dissented in part, and filed statement.

Before RYMER, HAWKINS, and GOULD, Circuit Judges.

### MEMORANDUM *

For the reasons expressed in our memorandum disposition in the companion case of *United States v. Manukian*, 16 Fed. Appx. 715 (9th Cir.2001), we find that the district court did not abuse its discretion by denying Satamian's motion to withdraw his guilty plea. The plea colloquy with Satamian was also sufficient to satisfy Federal Rule of Criminal Procedure 11(c), which requires a court to inform the defendant of, and determine that the defendant understands, "the nature of the charge to which the plea is offered."

We do find, however, that the district court committed error under Federal Rule of Criminal Procedure 11(f), which requires a court to satisfy itself that there is a factual basis for the plea, or, in other words, that the factual conduct to which the defendant admits is sufficient to constitute a violation of the charged statute. Although a court may consider all of the evidence before it to establish the factual basis for purposes of Rule 11(f), *United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir.1995), in this case that basis is lacking. The aiding and abetting statute provides that a person who "aids, abets, counsels, commands, induces or procures" the commission of an offense may be punished as a principal for that offense. 18 U.S.C. § 2. The defendant must have knowingly and intentionally aided and abetted in each element of the crime and have done so before or while the crime was still in progress.

*United States v. Dinkane*, 17 F.3d 1192, 1196 (9th Cir.1994).

A review of the record in this case cannot supply the facts to satisfy these requirements. In his own plea agreement, Satamian merely stipulated he "assisted" the co-defendants in their commission of the crime, which is a legal conclusion, not a factual admission. *United States v. Lane*, 514 F.2d 22, 26 (9th Cir.1975) (aiding and abetting means to "assist" the perpetrators of a crime). The plea agreement supplies no facts to explain *how* Satamian assisted his co-defendants. Likewise, the government's offer of proof at the plea colloquy stated only the facts underlying his co-defendants' plea agreements and did not otherwise specify which defendants were involved.

Nor did testimony at the aborted trial provide a factual basis for the plea. At trial, the victim testified that Satamian had provided him with a clean shirt (out of kindness, according to the victim) and that Satamian entered the room where the co-defendants were holding the victim periodically (because Satamian wanted the nightmare to be over, according to the victim). Although Satamian may have had knowledge that a crime was being committed by the co-defendants, this limited testimony does not provide a basis for convicting Satamian as a principal under a theory of "aiding and abetting." *United States v. Bancalari*, 110 F.3d 1425, 1429 (9th Cir. 1997) ("mere presence at the scene of the crime and knowledge that the crime is being committed is not enough" to convict for aiding and abetting). The victim also testified that at the end of the ordeal, Satamian signed a promissory note with the victim regarding the amount of money

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

still owed. But there is nothing in the plea colloquy or the statements of Satamian's co-defendants to establish a factual link between the act of providing or signing a promissory note and the required elements of an aider-abettor violation of 18 U.S.C. § 1029 (e.g., knowledge of the fraudulent intent of those being aided).

Satamian raises his 11(f) challenge for the first time on appeal. We review such claims for plain error. *United States v. Vonn*, — U.S. —, —, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Even so, we find that the error in this case satisfies this standard. The district court's obligation to compare the defendant's factual conduct (including the defendant's state of mind) to the elements of the offense is well-established. *United States v. Kamer*, 781 F.2d 1380, 1386 (9th Cir.1986) (quoting *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). The shortcomings in the factual specifics as to Satamian's conduct were patently obvious, especially in light of the storied history of the case.[1] The government must show that Satamian's plea established something more than "hanging around a felony."

Moreover, the error affected Satamian's "substantial rights" and the outcome of the plea proceedings. *United States v. Olano*, 507 U.S. 725, 734–45, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Rule 11(f) "is designed to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge *but without realizing that his conduct does not actually fall within the charge.*" *McCarthy*, 394 U.S. at 467, 89 S.Ct. 1166 (internal quotation omitted) (emphasis

added). On the record before the trial court and before us on appeal, we cannot say that Satamian was guilty of the crime charged. We therefore exercise our discretion to correct an error that seriously affects the fairness of the judicial proceedings below, *Olano*, 507 U.S. at 736, 113 S.Ct. 1770, and hold that the district court should not have accepted Satamian's plea without ascertaining that there was a factual basis for it.

REVERSED and REMANDED.[2]

GOULD, J., concurring in part and dissenting in part.

GOULD, J.

The memorandum relies on the reasoning of *United States v. Manukian*, 16 Fed. Appx. 715 (9th Cir.2001), to affirm the district court's denial of Satamian's motion to withdraw his guilty plea. I respectfully dissent from this holding for the reasons I stated in my dissent in *Manukian*, believing that the record discloses "just and fair" reasons for Satamian to withdraw his guilty plea and that, despite the plea colloquy, the presentence request of Satamian to withdraw his guilty plea should have been granted.

I concur in the memorandum's analysis and conclusion that Fed.R.Crim.P. 11(f) was not satisfied, requiring that we reverse and remand, and I join in this judgment of the court.

---

**1.** The original trial of the defendants on a more serious charge had been aborted due to perjury by a government witness. The parties then agreed to plead to the violation of 18 U.S.C. § 1029. Later concerned of immigration consequences, they attempted to work

out a plea to yet another crime, but were unable to find a lesser crime that fit the facts.

**2.** We do not address Satamian's claim of ineffective assistance of counsel which would, in any event, be more properly presented in a petition for habeas relief.